## DUNNING *vs.* FAULKNER.

### APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 19, 1859.]                    [Decided January 4, 1860.

### *Costs—Jurisdiction—Justices of the Peace.*

In those actions of which justices of the peace have jurisdiction, and which are sued in the circuit or county court it is the amount recovered in the latter courts which determines whether the plaintiff or defendant shall have costs, and how much.

Costs are allowable to the defendant in all actions for the recovery of money, brought in the county or circuit court, which are cognizible before a justice of the peace, unless the plaintiff shall recover judgment for $50 or more, and it makes no difference that the plaintiff's claim may exceed the jurisdiction of the justice.

The case of *Kreuger vs. Zirbel*, 2 Wis., 233, considered and approved.

Dunning vs. Faulkner.

The facts in this case are fully stated by the court.

*Orton & Bryant*, for the respondent.

*J. C. Hopkins*, for the defendant.

*By the Court*, Dixon, C. J. A. G. Dunning sued James P. Faulkner in the circuit court of Dane county, claiming a recovery of $256,11, being treble the amount of eight distinct sums of excessive interest, which he alleged he had on as many different occasions paid to Faulkner for the loan of money. The action was instituted under section 3, chap. 172, Laws of 1851, and the complaint contained eight distinct counts or causes of action, no one of which amounted to $50. On the trial before a referee, Dunning recovered $17,13, for which judgment was rendered against Faulkner, together with the costs of the action, taxed at $41,68. Faulkner obtained an order for Dunning to show cause before the court why the judgment for costs should not be set aside for irregularity, and why such judgment should not be rendered in his favor. Upon the hearing of the order, his application was denied, and the judgment permitted to stand. From this decision he appeals.

The decision of this court in the case of *Kreuger vs. Zirbel*, 2 Wis., 233, is decisive of the question here raised. The statutes under which that case was decided, and those now in force are, as concerns the present controversy, in effect the same. Then, as now, in those actions of which justices of the peace had jurisdiction at all, it was the amount of the *recovery* had in the county or circuit court, which determined whether the plaintiff or defendant should have costs. This will at once appear from a comparison of the statutes. Sec. 10, chap., 120, R. S., 1858, prescribes in what actions justices of the peace shall not have jurisdiction. Subdivision 3 of sec. 38. chap. 133, provides that in such actions the plaintiff shall

be allowed his costs as of course. This is, however, subject to the limitation contained in the next subdivision of the same section, which is that in actions of false imprisonment, slander, malicious prosecution, &c., where he recovers less than $50 damages, he shall recover no more costs than damages. The result of the trial shows that the controversy was cognizable by a justice of the peace, and the action not being one of those specified in the 1st and 2d subdivisions of the section, nor one of those particularly named in the fourth subdivision, it falls within the rule prescribed by the first clause of the last named subdivision, which in an action for money, requires a *recovery of fifty dollars or more,* to entitle the plaintiff to costs.

The next section of the same chapter provides that " costs shall be allowed, of course, to the defendant in the actions, mentioned in the last section, unless the plaintiff be entitled to costs therein." This disposes of the whole matter. The counsel for the respondent seem to have fallen into an error by supposing that because the action in the form in which it was instituted in the circuit court would not have been within the jurisdiction of a justice of the peace, if it had been commenced before him, on account of the amount of damages *claimed,* therefore the plaintiff is entitled to recover costs, regardless of the sum actually recovered. Such a rule would enable all plaintiffs to prosecute their claims, regardless of their nature or extent by actions in the circuit courts, and compel defendants to pay large bills of costs for such litigation, however trifling or small the real sum in controversy might be. Such, we believe, is not the object or effect of the statutes. *Kreuger vs. Zirbel,* goes directly to this point. There the action was for a breach of the covenants of a deed, and the damages *claimed* were $500. The sum recovered was $35, and because the county court gave judgment for the plaintiff for his costs, and overruled the motion of the de-

fendant for judgment in his favor for costs, this court reversed the judgment as to the costs.

In most cases it is the amount of damages claimed which determines the jurisdiction of justices of the peace. But because in an action instituted before a justice, the plaintiff may, by exaggerating his claim to an amount exceeding that over which the justice has jurisdiction, deprive him of the right to entertain the case, it does not prove that by a like exaggeration in the circuit court, he can entitle himself to costs. It is the sum *recovered* in the circuit court which fixes the rights of the parties as to costs. If the plaintiff, in a case where his real demand for money is less than fifty dollars, institute his action in the circuit court, he does so at the risk of losing his own costs, and paying those of the defendant. The order of the circuit court must, therefore, be reversed.

The judgment for the plaintiff, as to costs, must be set aside for irregularity, and judgment entered for the defendant against the plaintiff for his costs in the action.