**1860]** WISCONSIN REPORTS. 63

Sturtevant vs. The Mil., Wat., and B. V. R. R. Co.

## STURTEVANT *vs.* THE MIL., WAT. & B. V. R. R. CO.

### APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard January 10.]          [Decided May 4, 1860.

### *Injunction—Estoppel.*

Where the plaintiff recovered judgment against a railroad company for damages for
taking his land, and afterwards brought an action to restrain the company from
further using the land until the judgment was paid, alleging the existence of the
judgment, and in this suit the defendant was defaulted and the injunction issued :
Held, on an appeal that this order would not be reversed, merely for the reason
that the judgment on which it was founded was afterwards reversed for want of
jurisdiction.

An action for injunction is as much a distinct action from the one seeking to recover
damages for taking and using the lands of the plaintiff, as was a creditor's bill
distinct from the judgment to which it was supplemental.

The case of *Wanzer vs. Howland et al.*, 10 Wis., 8, considered and distinguished.

Where a complaint charged the existence of a judgment, and judgment is thereon
entered by default, such judgment is as much an estoppel upon the defendant to
deny the existence of the previous judgment, as if he had confessed by plea that
such judgment existed.

The facts in this case will be understood from the preceding
one, and the opinion of the court. The two cases were ar-
gued at the same time, and upon the same printed case.

*By the Court,* PAINE, J. This suit was brought under the
provisions of chap. 80 of the Laws of 1858, to enjoin the ap-
pellant from running its cars over certain land of the plaintiff
which had been taken for the purposes of the road. The
complaint set forth the necessary allegation to sustain the ac-
tion under that statute, and also averred that the plaintiff had
recovered a judgment against the appellant for his damages or
compensation for the taking of his land, and prayed that the
appellant might be enjoined until the payment of that judg-
ment. That judgment was also appealed from, and was ar-

gued in connection with this, and we have reversed it for the reason that it did not appear that there was any service upon the appellant. The appellant's counsel contended that if that was reversed, this must be reversed also, for the reason that it was founded upon the other, and that this was merely a supplemental proceeding in the other suit. But we do not so regard it. On the contrary, this is a suit entirely separate and distinct from the other, as much so as was a creditor's bill under the old practice, from the suit in which the judgment sought to be collected, was rendered. The case of *Wanzer vs. Howland*, decided at the last term, was a creditor's bill with the usual allegations of the recovery of a judgment and the issuing and return of execution unsatisfied. The answer admitted these allegations. But at the trial without any amendment of the pleading, the defendant sought to show that there was no judgment, the record relied on having never been signed, and being therefore void within a decision of this court, made after the pleadings in the creditor's bill, were put in. The defendant claimed that the existence of the judgment was essential to the jurisdiction of the court, and that the admission in the answer was of no avail, because consent could not confer jurisdiction. But we held that the court had undoubted jurisdiction of a creditor's bill, and that if a judgment was alleged, its existence was essential merely to the cause of action, and not to the jurisdiction of the court to try whether it existed or not ; and that, as the defendant's answer admitted its existence, he could not, without amendment, be entitled to disprove it.

The substance of the decision was, that if a suit is brought to enforce an alleged judgment, the defendant, by admitting its existence, may establish it for all the purposes of the suit, even though it really did not exist. And if the supposed judgment at law in that case, had been brought to this court at the same time with the creditor's bill, and been held to be

no judgment, we do not see how that could have affected the result in the creditor's suit. The court could not have transferred its knowledge in the one suit to the other, to act upon, in contradiction to the record in the latter. And we think that is exactly the case here. We have reversed the judgment at law recovered as damages for taking the plaintiff's land, because it did not appear that the court acquired jurisdiction over the appellant. But in this suit the process was properly served, and the appellant, by its default, admitted the allegations of the complaint, among which was the recovery of the judgment. It was alleged to have been recovered upon due notice to the attorney of the appellant, and the statute authorizes service of process upon the attorney of a railroad company, so that it does not appear on the face of the complaint, as counsel suggested, that the alleged judgment was void for want of jurisdiction. The allegations of the complaint being therefore all admitted by the default, and being sufficient to justify the judgment in this suit, we do not think we can make any use here of the fact that we have reversed the other judgment.

The judgment is affirmed with costs.

