SHERIBLE VS. JANISH.

In an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation, or seduction, if the plaintiff recover less than $50, he can recover no more costs than damages, but if he is entitled to *any* costs, the defendant cannot recover costs. R. S., 1858, chap. 133, secs. 38, 39.

ERROR to the Circuit Court for *Ozaukee* County. The case is stated in the opinion of the court.

January Term,
1861.

SHERIBLE
v.
JANISH.

*Blair & Williams*, for plaintiff in error, contended that this was an action, in its nature, of which a justice of the peace had jurisdiction; that sec. 10 of chap. 120, R. S., which denies jurisdiction to justices, of certain actions, does so in reference to the *nature* of the actions, rather than to the amount that may be claimed; and that subdivision 3 of section 38 of chap. 133, applies to the actions only which are referred to in sec. 10, chap. 120; that this was an action for the recovery of money only; and that the plaintiff, having recovered less than $50, is not entitled to recover costs. *Minks vs. Wolf*, 8 How. Pr. R., 238.

*H. Cunning, contra.* The statute refers to all actions of which, according to law, a justice has no jurisdiction. A justice has no jurisdiction where none is expressly given. 1 Cow. Tr., 37.

May 15.

*By the Court*, COLE, J. The judgment in this case was in favor of the defendant in error, for $13 50 damages, and for $44 27 costs of suit. The action was for trespass for injuries committed on the wife of the defendant in error. The amount of damages claimed was five hundred dollars. The only question is as to the amount of costs the prevailing party was entitled to recover. On the one hand, it is insisted that he was entitled to recover full costs; while on the other, it is claimed that he was entitled to no costs, but that the plaintiff in error should have had costs. We do not think either of these positions correct.

The action is most unquestionably one for an assault and battery on the person of Mrs. Janish. This the complaint conclusively shows.

By subdivision 4, section 38, chap. 133, R. S., it is provided that in an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, if the plaintiff recover less than fifty dollars damages, he shall recover no more costs than damages. This provision of law is decisive upon the question raised in this case. Where the recovery is less than fifty dollars in the above classes of cases, the party can recover no more costs than damages. Section 39 provides that costs shall be al-

lowed of course to the defendant in the actions mentioned in the previous section, unless the plaintiff be entitled to costs therein. In the present case, however, the plaintiff was entitled to costs to the amount of his damages. It is obvious then, that the defendant below cannot claim costs under this section, since it only applies to cases where the plaintiff is not entitled to costs. See *Dunning vs. Falkner*, 10 Wis., 394; 1 Burrill's Practice, 272.

The judgment in this case must be modified so as to give the plaintiff below only $13 50 costs, that being the amount of damages recovered.