## SMITHBECK and others vs. LARSON.

In case of an appeal from a justice of the peace where by statute there is a new trial in the circuit court, the party in whose favor judgment is there rendered is the "successful party," within the meaning of sec. 56, chap. 133, R. S., and is entitled to full costs, although his judgment may be for a less sum than was awarded him by the justice.

APPEAL from the Circuit Court for *Dane* County.

This was an action of trespass, brought originally in a justice's court, where the plaintiffs obtained a judgment for $31 damages, and $15 costs. On appeal by the defendant to the circuit court, the plaintiff obtained a verdict for $4 damages. Costs were taxed by the clerk at $148.75, and judgment for that amount and the damages entered in favor of the plaintiffs. The defendant moved for a retaxation of the costs, and that the court determine at its discretion what costs should be awarded to each party. The court held that the plaintiff was entitled, under the law, to full costs, and denied the motion; and from this order the defendant appealed.

*E. & C. T. Wakeley*, for appellant:

Sec. 52, ch. 133, R. S., provides that in appeal cases where

there is no new trial, costs shall be awarded to the respondent on affirmance, and to the appellant on reversal of the judgment; and shall be in the discretion of the court where a judgment is affirmed in part; and sec. 56 provides that the same costs, fees and disbursements shall be allowed to the *successful* party on a new trial as on affirmance or reversal of a judgment. This is the only instance where the term "successful party" is used in this chapter. In other instances the party entitled to recover costs is spoken of as the "party recovering." It would have been more natural, had this been the meaning here, to have used the same term. Which is the successful party on appeal? If the plaintiff recovers $100 before the justice, and the defendant appeals and *succeeds* in reducing the judgment to six cents; or if the plaintiff should recover on two or more notes or accounts, or other distinct causes of action, and the defendant in appealing should *succeed* in defeating all but one (and that, perhaps, not in dispute or admitted in the pleadings); or if two or more articles should be replevied and held by the plaintiff below, and the defendant, admitting by the pleadings the plaintiff's right of recovery as to a part, should *succeed* in doing all he designed to do on appeal, that is, defeating the plaintiff's claim to the part in dispute; would the plaintiff in all these cases be the *successful* party, and as such entitled to full costs as of course? Again, should the *plaintiff* appeal in any of these cases from a judgment in his own favor, and *fail* to recover as much as before the justice,—for instance, if, recovering $90 below, he should appeal and recover but six cents, or if, recovering $15 below, he should make oath he had a claim to more than that sum, and appeal, thus compelling a new trial under the statute (R. S., ch. 120, sec. 217); or, if the defendant should appeal from a judgment against him of $15, and the plaintiff should make the same oath (Laws of 1863, ch. 302), and the judgment should be reduced to a nominal sum; in all these cases the plaintiff, compelling an appeal and new trial, and putting the

defendant to large expense on his own account, would, on the construction given this section, be entitled to his full costs against the defendant, because he, the plaintiff, had *succeeded* in reducing his judgment by appeal to next to nothing. He might also, where the answer admitted the full extent of his claim, or where there was a default and he recovered his whole claim, maliciously appeal to the circuit court to make the defendant costs, and for no other object, and recover again the whole of his claim, or some portion of it, and thus make the defendant pay his own and the plaintiff's costs in full. The law makes no difference as to who appeals. The party reducing the judgment by appeal ought to be considered the successful party in all these cases for the purpose of allowing costs. Suppose a party appeals to this court from a judgment of the circuit court against him, claiming that a *portion* of such judgment was erroneous, and should get that portion reversed, could the other party be called the successful party ? 2. But while claiming with confidence that the word "successful" cannot be so construed as to bring about all the absurdities above pointed out, we do not admit that even such a definition would sustain this order. The question would then arise as to the meaning of the other part of said sec. 56. This section gives the same costs as on affirmance or reversal of judgment, and those costs, if the judgment were wholly affirmed or reversed, would be full, and allowed of course : and if affirmed in part, would be in the discretion of the court. Sec. 52. The legislature could not have intended to leave to the discretion of the court the trifling costs made where the appeal is heard on the papers and a less judgment is recovered, and give no discretion where large costs are incurred on both sides, as in the case at bar ; or where such large costs are forced into the case by the plaintiff's own appeal, and he recovers a reduced or even a nominal verdict. Their intention rather was to put the case of a new trial before the jury in the same situation as to costs as a case heard by the court on the papers; and

where the judgment of the justice is diminished, to consider it equivalent to a case of partial affirmance or reversal of a judgment, and leave the costs to the discretion of the court. They have expressed their idea as rhetorically as they were capable of doing, by saying that the same costs, &c., should be allowed to the successful party in cases of new trial as on affirmance or reversal [*in whole or in part*] of a judgment, making sec. 56, relating to a new trial, commensurate with sec. 52, relating to a case heard on the papers. This idea is carried out in every case of appeal, as in case of appeal to this court. R. S., ch. 133, sec. 40, subd. 2. We have put in the words "in whole or in part" as the obvious meaning of the text; for it must either read thus, or we must interpolate "total" affirmance or reversal. Secs. 54 and 55 recognize the idea that one party may recover a judgment, while the other party recovers costs; and these sections apply to a case where a new trial is had, as the provision of section 52 restricting it to cases where there is no new trial does not appear in them. 3. The amount recovered being less than $50, the defendant is entitled to full costs, unless sec. 56 gives costs to the plaintiff. R. S., ch. 133, sec. 38, subd. 4, and sec. 39. Or if these provisions do not apply to appeal cases, and sec. 56 is too indefinite to give costs to the plaintiff, then neither party is entitled to costs, and the order must be reversed.

*Welch & Lamb*, for respondents.

*By the Court*, PAINE, J. This action was first tried before a justice of the peace, where the plaintiff recovered a judgment of thirty-one dollars and costs. The defendant appealed to the circuit court, where the plaintiff recovered only four dollars damages. The question is, whether the plaintiff was entitled to full costs in that court. Section 56, chapter 133, provides that "the same costs, fees and disbursements shall be allowed to the successful party in cases of new trial on appeal in the appellate court, as on affirmance or reversal of the judgment." The

Smithbeck et al. vs. Larson.

decision depends on the meaning of the words "the success-ful party" in this section. The appellant contends that where the defendant succeeds on the appeal in reducing the judg-ment appealed from, he ought to be regarded as the successful party. His argument on this point was forcible, and if pre-sented to the legislature might properly lead to the enactment of some specific provisions upon the subject, that would se-cure more equitable results.

But as the statute now is, we think the words "successful party" had reference to the party finally recovering judgment, without reference to the question whether it was more or less than that rendered by the justice. For if this is not so, if the defendant who succeeds in reducing the amount is the successful party, then how much must he reduce it in order to be so con-sidered? He is successful in reducing it, if he reduces it one dollar. And if the appellant's argument is consistently appli-ed, he would have to be regarded as the successful party, and entitled to costs against the plaintiff. Yet such a rule would be as obviously unjust as it seems to be to allow the plaintiff full costs where the defendant has succeeded on appeal in re-ducing a large judgment to a very small one. But between these two extremes the statute has fixed no dividing line, and has not authorized the court to fix any. This seems very evi-dent from a consideration of the sections immediately preced-ing the one under consideration. Section 52 provides that "if the judgment be affirmed, costs shall be awarded to the re-spondent; if reversed, costs shall be awarded to the appel-lant: if it be affirmed in part, the costs, or such part as to the court shall seem just, may be awarded to either party. *This section shall apply to cases where there is no new trial in the appel-late court.*" The language of this section, and of section 55, shows that the legislature had distinctly in view the difference between an affirmance or reversal and an affirmance in part or reversal in part. And it shows that wherever they intended to make a special rule applicable to cases in which both par-

ties might be regarded as partially successful, they used language clearly adequate to that end.    Having then made these provisions in respect to cases where there was to be no new trial, they enacted section 56, which assumes that in cases where there is a new trial there is to be only one successful party, and gives him costs as on affirmance or reversal of a judgment, by which, as just shown, they meant an entire affirmance or reversal.    The conclusion seems to us unavoidable, that if they had intended a special rule for cases where the judgment was reduced on a new trial, they would in terms have provided for such a case, or have conferred on the court the same discretion that had just been given in respect to an affirmance in part and reversal in part.

The appellant contended that even if he was wrong in assuming that he was the "successful party" so as to be entitled to costs in his favor as of course, still the language of section 56 was sufficient to give the court the discretion just referred to, and allow it to adjust the costs.    But we think not, for the reason, as already stated, that this section assumes that there is to be but one successful party, and provides for costs in his favor as of course, as upon an entire affirmance or reversal.

The order is affirmed, with costs.