NORWEGIAN EVANGELICAL LUTHERAN CHURCH VS. THORSON.

*Costs on appeal from J. P.—"Successful party."*

Plaintiff on appeal from a judgment of a justice in his favor, having recovered judgment, though for no greater damages, *held* entitled to costs of the appeal, under sec. 56, ch. 133, R. S.—*Smithbeck vs. Larsen,* 18 Wis., 183, adhered to.

APPEAL from the Circuit Court for *Dane* County.

This suit was commenced in a justice's court, where plaintiff appealed from a judgment in its favor for fifty cents, damages, and the costs; and having had a new trial in the circuit court, under sec. 217, ch. 120, R. S., obtained a judgment for the same amount of damages, with the costs at the circuit court as well as before the justice. The defendant appealed from the judgment.

*Johnson & Ball,* with *J. C. Hopkins,* of counsel, for appellant.

*Welch & Kissam,* for respondent, relied on secs. 52, 56, ch. 133, R. S., and *Smithbeck vs. Larsen,* 18 Wis., 183.

COLE, J. This case comes fully within the reasoning and principle of the decision in *Smithbeck vs. Larsen,* 18 Wis., 183. It is there stated that the language "successful party," as used in section 56, chap. 133, R. S., must be understood to mean the party who finally obtains judgment on appeal, without reference to the question whether such judgment is greater or less than the one recovered before the justice. It is claimed that this case is distinguishable from that of *Smithbeck vs. Larsen,* because here the plaintiff appealed, while the damages recovered in the circuit court were no greater than the amount recovered before the justice, and therefore the plaintiff can in no sense be said to be the successful party. Besides, it is said that it is most unjust to make the defendant, who was satisfied with the judgment rendered by the justice, pay all the costs made on the appeal, because he did not defeat the plaintiff's claim altogether. There is undoubtedly great force in these considerations, but they are more properly addressed to the legislature than to the courts. The defendant, as the law now stands, might have relieved himself from the payment of the costs of the circuit court, by serving upon the plaintiff an offer in writing to allow judgment to be taken against him in conformity to chap. 97, Laws of 1858. This he did not do, and therefore, whatever might be our views as to the equity and justice of an amend

ment to the statute in reference to costs on appeal in a case like this, we must hold, as the law stands, that the plaintiff was entitled to recover costs in the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.