## VAN PATTEN VS. WILCOX.

*Costs — Jurisdiction of Justices' Courts — Action "founded on an account"*
*— Presumption from record.*

1. The question whether, in an action in the circuit court for the recovery
   of money, the plaintiff, on recovering damages less than $50, is enti-
   tled to *costs*, depends on the question whether the action might have
   been brought in justice's court. Tay. Stats., 1531, § 54, subd. 3.
2. In an action to recover for work and labor done by plaintiff for defend
   ant between December 4, 1869, and January 28, 1871, to the alleged
   value of $793, judgment was demanded for that amount, with inter-
   est from the last date, and also for costs. The answer denied the
   whole of the alleged indebtedness, and set up a counterclaim for
   $871, upon an account against the plaintiff for moneys paid for him,
   goods delivered to him, and board and lodging furnished to him, at
   his request, at various times between November 21, 1869, and the
   commencement of the action, and judgment was demanded for the
   whole amount named, with interest from February 1, 1871, at which
   date, it is alleged, the amount became due and payable. Reply in
   general denial. The referee for trial found that at the commence-
   ment of the action, " there was due plaintiff, *on his account* against
   defendant, $792.18; there was due defendant. on his account against
   plaintiff, $760.75; and the balance due plaintiff from defendant over
   and above all payments, set-offs and claims was $31.43, for which
   amount plaintiff is entitled to judgment against defendant, besides
   his costs," etc. Defendant's exceptions to the report were overruled,
   and judgment rendered in accordance with it. *Held,*

   (1.) That if the action was " founded on an account " within the
   meaning of the statute, a J. P. would have had no jurisdiction. Tay.
   Stats., 1353, § 9.

   (2.) That the pleadings do not show whether the action was
   founded on an account.

   (3.) That all reasonable presumptions must be made in support of
   the judgment, and as the referee's report denominates the plaintiff's
   claim an account, and the court in fact awarded plaintiff a judgment
   for costs, it would be presumed that the action was upon an account,
   if that were necessary to sustain the judgment.

   (4.) That even if the action was not " founded on an account," in-
   asmuch as plaintiff's demand and defendant's counterclaim appear to
   be *independent* causes of action, and the amount adjudged due
   plaintiff does not appear as a mere *balance* due him for his labor

after deducting *payments* made therefor, but he was found to have a substantive demand against defendant for over $700 at the commencement of the action, it must be held that the action was not one of which a justice would have had jurisdiction.

(5.) That plaintiff was therefore entitled to his costs.

APPEAL from the Circuit Court for *Waupaca* County.

The complaint of the plaintiff alleges that "the above named defendant is indebted to him for work, labor and services done and performed by the plaintiff for the defendant at his request, from the 4th day of December, 1869, to the 28th day of January, 1871, in the sum of $793.52, and interest thereon" from the last mentioned date. Judgment is demanded for said sum, interest and costs. The complaint was not verified.

The defendant, by his answer, denied the whole of such alleged indebtedness, and interposed a counterclaim of $871.47 against the plaintiff, " upon an account for money paid, laid out and expended by the defendant for the plaintiff and at his request; for goods, wares and merchandise sold and delivered to the plaintiff by defendant at plaintiff's request; and for board and lodging furnished by the defendant for the plaintiff at his request, at various times between the 21st day of November, 1869, and the commencement of this action." The defendant demanded judgment for said $871.47, and interest from February 1, 1871, at which time it is alleged the account became due and payable. To this counterclaim the plaintiff replied by a general denial of each material allegation thereof.

Pursuant to a stipulation between the respective parties, the action was referred to be heard, tried and determined, and was so tried. The referee reported as follows: " I find from the evidence that there was due the plaintiff on his account against the defendant, at the commencement of this action, the sum of seven hundred and ninety-two dollars and eighteen cents ; that there was due the said defendant on his account against the said plaintiff, at the commencement of this action, the sum of seven hundred and sixty dollars and seventy-five cents; that

the balance due the said plaintiff from the said defendant, over and above all ‚payments and set-offs and claims, at the commencement of this action, was the sum of thirty-one dollars and forty-three cents ; for which amount the said plaintiff is entitled to judgment against the said defendant, besides his costs and disbursements in this action." Exceptions were taken to the report on behalf of the defendant, but the same were overruled, and the court confirmed the report, and rendered judgment for the plaintiff in accordance therewith, for $31.43 damages, and $70.94 costs.

The defendant appealed from such judgment, and especially from that portion which awards costs to the plaintiff. The record contains no bill of exceptions.

*Myron Reed*, for appellant, argued from a comparison of § 54, subds. 3, 4, and § 55, ch. 133, Tay. Stats., that plaintiff was not entitled to costs unless it was a case of which a justice's court would have had no jurisdiction; that in actions arising out of *contract*, under subd. 1, § 5, ch. 120, Tay. Stats., as construed by this court (*Kreuger v. Zirbel*, 2 Wis., 233; *Dunning v. Faulkner*, 10 id., 394), where the plaintiff *recovers* less than $200, it must be held that a justice's court would have had jurisdiction (*Pelt v. Pelt*, 29 Wis., 196) ; that the complaint shows the present action to have been one on contract, and not one of *account* (within the meaning of § 5, ch. 120, Tay. Stats.), since an account implies several distinct charges, claims or demands, of different dates, each of which would be a separate cause of action, if not kept and sued upon as an account, whereas plaintiff's demand is one item only, a certain sum for work and labor between two specified dates ; and that even if the action were one of account, there is nothing to show that it would not have been within the jurisdiction of a justice, because it is the amount of plaintiff's account "proved to the satisfaction of the justice," that determines whether he has jurisdiction or not. *Parker v. Eaton*, 25 Barb., 122.

*E. L. Browne*, for respondent. [No brief on file.]

Van Patten vs. Wilcox.

LYON, J.  The only question presented by this appeal for
our determination is, whether the plaintiff is entitled to recover
costs.   If a justice of the peace had jurisdiction of the action,
this question must be answered in the negative.   Otherwise, if
a justice had not jurisdiction thereof.   Tay. Stats., 1531, § 54,
subdivision 3.

1st. If the action is founded upon an account, within the
meaning of the statute (Tay. Stats., 1353, § 9), then a justice
of the peace had not jurisdiction thereof, because the plaintiff
proved a claim or account against the defendant exceeding
$500, as appears by the report of the referee.   Is the action
founded on an account?   The pleadings fail to show how the
fact is, but the referee in his report denominates the plaintiff's
claim an *account*, and, if the plaintiff is not entitled to costs
unless it be an account, the circuit court has necessarily held it
to be such; otherwise no judgment for costs would have been
rendered against the defendant.   We must make all reasonable
presumptions in support of the judgment of the court below ;
and, not having the evidence before us, and nothing appearing
in the record to the contrary, we are bound to presume that the
action was founded on an account, if that be necessary to sus-
tain the judgment.

2nd. But, conceding that the action is not founded on an ac-
count, the result is the same.   The amount recovered by the
plaintiff is not a balance due him for his labor after deducting
payments made by the defendant on account of such labor.
But he has recovered $792.18 for such labor.   The defendant
has recovered against the plaintiff, on his counterclaim for
separate and independent causes of action, $760.75.   It does
not appear that the claim has any connection with the former.
It might be inferred, perhaps, from the use of the word *pay-
ment* in the report of the referee, that some portion of the coun-
terclaim consisted of payments made on account of the plaint-
iff's work, but if so, the amount of such payments does not
appear.   So we have here two recoveries in a proceeding which

is equivalent to cross actions, either of which exceeds the jurisdiction of a justice of the peace. Had the plaintiff recovered an unpaid balance for his labor of $31.43, a justice would perhaps have had jurisdiction. But we have no such case here.

Were A. to sue B. before a justice of the peace for money lent to the amount of $900, and prove his whole claim on the trial, and were B. to counterclaim that A. owed him $800 for the rent of a farm, and prove his counterclaim, there being no connection between the two causes of action, and neither having accrued as a payment or part payment of the other, it would not be claimed that the justice would have jurisdiction to adjudicate the claims of the respective parties, and to render judgment against B. for the difference between them. Yet this is, in principle, just such a case.

For these reasons the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.