Power vs. Rockwell.

POWER vs. ROCKWELL.

JUDGMENT: PRESUMPTION: COSTS. *(1, 4) Presumptions to sustain judgment for costs, on appeal.*

JUSTICES' COURTS. *(2, 3) What actions cognizable therein.*

DISCRETIONARY COSTS: *(5) In circuit court, when case cognizable by J. P. When verification of original complaint sufficient.*

1. Where an appeal from a judgment brings up the question of costs in the trial court, and there is no bill of exceptions, that question must be determined from the pleadings and verdict; and all reasonable presumptions will be made to sustain the judgment.
2. In an action in the circuit court merely upon a *quantum meruit* for services, where the damages were laid above the jurisdiction of a justice's court, but the verdict for plaintiff awarded him less than $50, this court would be obliged to treat the controversy as one cognizable by a justice. *Dunning v. Faulkner*, 10 Wis., 394.
3. A justice cannot take jurisdiction of an action upon an express contract to

Power vs. Rockwell.

pay a certain price for a certain amount of labor and materials, by computation exceeding $600, averred to be wholly unpaid. 19 Wis., 193; 36 id., 605.

4. Where a complaint joined two causes of action, one upon a *quantum meruit* for services, and the other upon an express contract such as is above described, and the answer, after a general denial, pleaded a special defense to the latter count, confessing and avoiding such express contract, and the verdict was for less than $50, and the plaintiff had judgment for full costs: *Held*, that the judgment will not be reversed, because it does not appear that the verdict was not for an amount found due plaintiff *on such express contract*, over and above an amount for which defendant established his special defense, in which case the plaintiff was entitled to his costs.

5. Under ch. 60 of 1862 (which gives discretion to the circuit courts to allow costs upon verified complaints in cases within the jurisdiction of a justice, when the sum demanded shall exceed $100), the verification of the original complaint claiming over $100 is sufficient for the discretion of the circuit court to rest upon, though the complaint be afterwards amended in some particulars, not changing the cause of action nor reducing the amount claimed below $100.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action contained two counts: 1. For hauling and placing upon a certain lot of the plaintiff and on streets adjoining, before December 1, 1870, 1,889 yards of earth and sand, at an agreed rate of thirty-five cents per yard. It is alleged that this was done at defendant's request; that after its completion he promised to pay for the work at the rate aforesaid; but that he has paid no part of the price, and is indebted to plaintiff for such filling, in the full sum of $661.15, with interest from the date above named. 2. For labor and services performed for defendant at his request, between November 1 and December 31, 1870, by plaintiff as real estate broker, in examining, appraising and inspecting a large number of lots and pieces of land (which are particularly described) in the city of Milwaukee, negotiating with the occupants thereof and other persons, etc. It is alleged that these services were worth $250, which became due December 1, 1870. It appears that the original complaint was verified, but

that defendant afterwards filed an amended complaint above described, which was not verified.

The answer contained a general denial, and also alleged as a defense to the first cause of action, that defendant's agreement therein averred was procured solely by plaintiff's false and fraudulent representations that the city authorities had duly ordered said lot and streets to be filled; that defendant, after the work was commenced, upon discovering that such representations were false and fraudulent, immediately rescinded said contract, and notified plaintiff of its rescission and of the grounds thereof; and that plaintiff admitted that said representations were false, and made no objection to such rescission, and soon afterwards took up and hauled away from said streets and lot all the material which he had put thereon under said contract, appropriating the same to his own use.

On the trial, plaintiff had a verdict for $25. Afterwards he moved that costs be allowed him in the action to the amount of $56.13, including $15 as attorney's fees. Defendant objected to such allowance, claiming that the action was one of which a justice of the peace had jurisdiction; that the complaint was unverified; and that the court had no right to tax costs in plaintiff's favor in such a case, where the recovery was less than $50. The objections were overruled, the plaintiff's costs taxed at the sum demanded by him, and judgment rendered accordingly, from which the defendant appealed.

The cause was submitted on briefs.

*Mariner, Smith & Ordway*, for respondent:

1. In an action of such a nature that a justice of the peace is forbidden, by express statute, to entertain jurisdiction of it in any event (such as those mentioned in Tay. Stats., 1353, § 10), the plaintiff on his recovery is entitled to costs. Tay. Stats., 1531, § 54, subd. 3. Such were the cases of *Mecklem v. Blake*, 22 Wis., 495; *Eaton v. Lyman*, 30 id., 41–46. But in a case of a class not so inhibited, and which may, under some circumstances, be brought in justice's court, plaintiff is

entitled to costs only when he recovers fifty dollars or more. *Laubenheimer v. Mann*, 19 Wis., 579. Costs are the creature of positive statute, and we do not understand that any statute exists here giving costs in such an action, based on contract, where the recovery is less than $50. The statute provides that plaintiff shall have costs "in an action for the recovery of money," where he shall recover $50 or more. Tay. Stats., 1531, § 54, subd. 4. This necessarily implies that in such an action where the recovery is less, no costs shall be allowed; though the same subdivision makes certain exceptions to this general rule, which are not applicable here. 2. The complaint here was not verified, and for that reason, the recovery being less than $50, no costs could be allowed. In the circuit court the sum recovered fixes the rights of the parties as to costs. *Dunning v. Faulkner*, 10 Wis., 395.

*Winfield Smith*, for respondent:

1. The action was one in which the justice's court had no jurisdiction (Tay. Stats., 1352, § 5, subd. 1), and for that reason costs were allowable for plaintiff, of course. Tay. Stats., 1531, § 54, subd. 3; *Millett v. Hayford*, 1 Wis., 401. 2. If the action was within the jurisdiction of a justice, then ch. 60, Laws of 1862 (Tay. Stats., 1531, § 55), would control the case, "the amount claimed by plaintiff in his complaint, duly verified," exceeding $100. True, the *amended* complaint is not verified; but the original complaint embraces all the substance of the causes of action found in the amended complaint, and is verified; and that brings the case within the reason and spirit of the statute.

RYAN, C. J. There is no bill of exceptions in this case; and we must determine the question of costs from the pleadings and the verdict.

The second cause of action is upon a *quantum meruit* for services. If the recovery of $25 applied to that count of the complaint only, we should be obliged to hold that " the result

of the trial shows that the controversy was cognizable by a justice of the peace." *Dunning v. Faulkner*, 10 Wis., 394. In such a case, it is only the *ad damnum* which takes the action out of the jurisdiction of a justice; and the plaintiff proceeds in the circuit court, laying his damages above the jurisdiction of a justice, at his peril.

But the first cause of action is upon express contract to pay a certain price for a certain amount of labor and materials, by computation exceeding $600, averred to be wholly unpaid. It is very certain that even if the *ad damnum* were laid within his jurisdiction, a justice of the peace could not take jurisdiction of an action on the contract pleaded. *Felt v. Felt*, 19 Wis., 193; *Cooban v. Bryant*, 36 id., 605.

It is very true that in pleading such a contract, the plaintiff might evade the jurisdiction of a justice, by overstating the amount of work and materials; and doing so would be at his peril of costs. But that is not the presumption here.

The defendant pleaded a general denial, and a special defense to the first count, confessing and avoiding the contract. *Non constat* that his special defense was not established as to the whole amount except the $25 recovered. In such case, the respondent would be entitled to his costs; and we are to make all reasonable presumptions in support of the judgment. *Van Patten v. Wilcox*, 32 Wis., 340.

Ch. 60 of 1862 gives discretion to the circuit courts to allow costs upon verified complaints, in cases within the jurisdiction of a justice, where the sum demanded shall exceed one hundred dollars. We think that the object of this statute must have been to enable the circuit court to award costs, in proper cases, to plaintiffs bringing their suits in good faith in that court, but failing to recover $50.

That being so, it would appear that verification of the original complaint claiming over $100 is sufficient for the discretion of the circuit court to rest upon, though the complaint be afterwards amended in some particular, not changing the

· cause of action or reducing the amount claimed to $100. And this record sufficiently shows that the circuit court is better able than this court, properly to dispose of questions of costs, in such cases, whether of right or of discretion.

*By the Court.* — The judgment of the court below is affirmed.