## WHITE vs. HALE.

*(1) Contract or tort?   (2) Right to costs in circuit court.*

1. An action for damages for breach of warranty where the complaint contains no charge of fraud or deceit, is an action *on contract*, and not one sounding in tort.
2. Where, in such an action, brought in the circuit court, plaintiff claims over $200 damages and recovers less than $50, he may recover *taxable costs* at the discretion of the court. Subd. 7, sec. 2918, R. S.

APPEAL from the Circuit Court for *Racine* County.

This action was brought to recover damages for an alleged breach of warranty. The complaint (duly verified) avers that, " the plaintiff wishing to buy, and the defendant offering to sell this plaintiff a certain horse, warranted and represented

White vs. Hale.

said horse to be all right, sound, kind and true and gentle, and quiet in harness, and good every way to work and use;" that the plaintiff, "relying upon said warranty and representations, then and there purchased said horse, and paid the defendant his note therefor," for $115 with interest; that, "at the time of said warranty and sale, the horse was unsound, unkind and untrue, and balky and restive, and ungovernable in harness, and had a disease of his limbs, was lame and had been foundered, was unable to work, and of no use whatever, and utterly worthless, and was in fact not worth anything or any sum whatever, and the whole price paid less than the defendant represented and warranted him; and that said horse still so remains." Special damages in the sum of $250 are alleged, and judgment for $350 is demanded. The answer denies the warranty.

Upon trial of the cause, the jury found for the plaintiff, and assessed his damages at $45.97. The clerk thereupon taxed the costs in favor of the plaintiff, and refused to tax defendant's costs. On appeal, the court affirmed the taxation, and gave judgment for the plaintiff for the damages assessed by the jury and full costs. If plaintiff is entitled to costs, it is conceded that they are taxed at the true amount.

The defendant appealed from that part of the judgment which awarded costs to the plaintiff.

The cause was submitted for the appellant on the brief of *J. V. V. Platto.*

*J. T. Fish,* for respondent.

LYON, J. The learned counsel for the defendant assumes that the action sounds in tort, and that the defendant is entitled to costs under section 2920 and subdivision 5 of section 2918, R. S. Were this an action of tort, his position would be correct. But it is not such an action. Although the complaint seems to have been originally drawn charging a fraudulent warranty, it has been amended by striking out everything

which tends to charge fraud or deceit; and as it now stands it states a cause of action *ex contractu*, and not *ex delicto*. The action being upon contract, the demand in the complaint exceeding $100, and the complaint being duly verified, the case is ruled by subdivision 7 of section 2918, which, in a case like this, gives the plaintiff such costs as the court in its discretion may allow. In the exercise of that discretion the circuit court has given the plaintiff full costs.

The testimony has not been preserved, and there is nothing in the record which authorizes us to say that the allowance of such costs was an abuse of discretion; hence we cannot disturb the judgment. See *Power v. Rockwell*, 39 Wis., 585.

*By the Court.* — The judgment of the circuit court is affirmed.