SCHŒFFEL vs. HINZE.

COSTS *on appeal from Justice's Court.*

Under secs. 69, 73, ch. 133, Tay. Stats., and prior to the revision of 1878, where an action for an assault and battery had been commenced in justice's court, and, on appeal from a judgment for the defendant, plaintiff had recovered in the circuit court any sum, though less than $50, as damages, he was entitled to *full costs;* and subd. 4, § 54 of the same chapter, had no application to the case.

APPEAL from the Circuit Court for *Waukesha* County.

The defendant appealed from a judgment against him.

For the appellant, there was a brief by *Ludwig & Somers,* and oral argument by *Mr. Somers.*

The cause was submitted for the respondent on the brief of *Edwin Hurlbut.*

COLE, J. The question in this case relates to the amount of

costs which the plaintiff is entitled to have taxed in his favor. The action was for an assault and battery, commenced in justice's court. On the trial in that court there was a judgment for the defendant. The plaintiff took an appeal to the circuit court, having made the affidavit prescribed by statute entitling him to a new trial. On the trial in the circuit court there was a verdict in favor of the plaintiff for one dollar damages. The plaintiff's costs and disbursements were taxed at $169.21. The defendant objected before the clerk to this taxation, and took an appeal therefrom to the circuit court, where the taxation of the clerk was affirmed. The counsel for the defendant claimed before the clerk and in the circuit court, as he does here, that as the action was for an assault and battery, and the verdict for the plaintiff was less than fifty dollars, the costs allowed the plaintiff should not exceed the damages. In this view of the statute we are unable to concur.

The statute which regulates as to costs on appeal generally, declares that where there is *no new trial* in the appellate court, if the judgment be affirmed, costs shall be awarded to the respondent; if reversed, costs shall be awarded to the appellant. Section 69, chapter 133, Tay. Stats. The statute further provides that the same costs, fees and disbursements shall be allowed to the successful party in cases of *new trial on appeal in the appellate court*, as on affirmance or reversal of a judgment. Section 73. In this case both conditions of this provision concur; that is to say, there was a new trial in the circuit court, and the plaintiff was the " successful party," according to the decisions of this court in *Smithbeck v. Larson*, 18 Wis., 183, and *Norwegian Church v. Thorsen*, 21 Wis., 35. Consequently the plaintiff was entitled to full costs.

But the same counsel further contends that the provisions above cited are qualified or controlled by the previous subdivision 4, § 54, which enacts that when, in an action for assault and battery, the plaintiff recovers less than $50 damages, he shall recover no more costs than damages. See *Sherible v.*

*Janish*, 13 Wis., 615, and *Fitzer v. McCannan*, 14 Wis., 63. And he says this specific provision was intended to regulate the matter of costs in this class of cases, and applies to every action for an assault and battery tried in the circuit court, whether originally commenced in that court or removed there by appeal; that, unless this construction prevails, a party may bring such an action before a justice, then, on appeal to the circuit court, may increase his claim, exceeding the jurisdiction of the justice, with no danger of losing any of his costs, though he recover less than $50 damages. It is possible that such a consequence might follow from the various provisions of the statute as we construe them. This defect, if not wholly, is to some extent remedied by section 2925 of the new revision. But under the statute as it stood when this cause was tried, the successful party in an action for a personal trespass, which had been commenced before a justice, and removed by appeal to the circuit court, where there was a new trial, recovered full costs. This, we think, is the proper construction of the statute; therefore, subdivision 4, § 54, has no application to this case.

*By the Court.* — The judgment of the circuit court is affirmed.