Jameson and others vs. Maxcy.

Jameson and others, Appellants, vs. Maxcy, Garnishee, Respondent.

*November 26 — December 17, 1895.*

*Debtor and creditor: Voluntary assignment.*

If an insolvent debtor, either by actual conveyance or transfer in any manner, by agreement with a portion or all of his creditors, places the whole or a part of his property under the control of a third person or one of the creditors, as trustee, to administer for the benefit of the creditors who are parties to the agreement, so that such creditors can compel the enforcement of the trust, the transaction constitutes an assignment for the benefit of creditors, and is void if it fails to comply with the statutes relating to such assignments.

Appeal from a judgment of the circuit court for Bayfield county: John K. Parish, Circuit Judge. *Reversed.*

The defendant Conover, a manufacturer, being insolvent, on the 13th day of January, 1894, entered into an agreement with a portion of his creditors and with the garnishee defendant, *D. M. Maxcy,* as follows:

"Memorandum of agreement, made this 13th day of January, A. D. 1894, by and between A. W. Conover, party of the first part, and *D. M. Maxcy* and . . . parties of the second part, witnesseth:

"That whereas the said A. W. Conover is the owner and operator of a certain box factory, known as the Washburn Box Factory, located at Washburn, Wisconsin; and whereas the said A. W. Conover is financially embarrassed, and indebted to the parties of the second part for labor and other considerations; and whereas he is desirous of procuring an extension of credit and arranging for the payment of the unsecured creditors; and whereas the parties of the second part are desirous to have some security or assurance that their claims shall be paid out of the manufactured material

produced by the said box factory from time to time as the same shall be received. Now, therefore, it is agreed between the said parties:

"First. That from and after this date, until the termination of this agreement as herein provided, *D. M. Maxcy* shall be the financial agent, representing the said parties mutually, to collect and receive the proceeds of all sales of the product of the said factory from time to time as the same shall be shipped; and to that end the said A. W. Conover hereby authorizes the said *D. M. Maxcy*, as such agent, to receive and collect and receipt for all the moneys that are due, or that may become due, on account of the sales of such product.

"Second. It is agreed that the said A. W. Conover shall have the sole control of the management of the said factory except as hereinbefore provided.

"Third. The proceeds of the sales of the manufactured product now on hand shall be applied by said agent as follows: (1) One car load of the manufactured product now on hand, consisting of egg cases and enough of other manufactured product to make the total sum of three hundred ten dollars ($310), shall be paid to A. W. Conover for the purpose of paying for claims against the factory on account of machinery bought. (2) The proceeds, when collected, of the balance of the manufactured product now on hand, shall be used to pay *pro rata* the unpaid and now owing labor claims of the present crew, except in cases where time checks have been issued, less the necessary expenses incurred in shipping the same. (3) It is further agreed that the future net earnings of the factory, during the continuance of this contract, shall be applied by said agent *pro rata* among the unsecured creditors of the said box factory after the payment of all future earned labor. (4) It is further agreed that the said A. W. Conover shall receive as wages under this agreement, to be paid as other future earned labor, the sum of

seventy-five dollars per month. (5) It is further agreed
that, in case the said Conover shall fail at any time to carry
out his part of the said contract in accordance with the terms
thereof, the said agent is authorized to take possession of all
material, manufactured and unmanufactured, and dispose of
the same, and apply it in accordance with the provisions of
this contract. (6) It is further agreed that this contract
shall continue in force for a period of six months, subject to
be renewed by the consent of the said agent and said Con-
over, provided that the said Conover may at any time pay
up the outstanding indebtedness and be released from the
terms of this contract. (7) It is further agreed that Henry
Textor and C. E. Williams shall be a consulting committee,
representing the general unsecured creditors, who shall have
the right at any time to consult with *Mr. Maxcy* and exam-
ine his accounts and the work done by him. (8) It is fur-
ther agreed that said A. W. Conover shall settle with the
present crew for back pay, and give them time checks for
the same; such time checks to be the basis upon which *Mr.
Maxcy* shall pay the men, and said time checks to be desig-
nated so as to identify them from time checks heretofore
issued by said Conover. (9) It is further agreed that the
said *D. M. Maxcy* assumes no liabilities under this contract
save the collection and distribution of funds as herein pro-
vided, and if, after fair trial, it is found that the earnings
of the factory will not pay the expenses, then the said *Maxcy*
shall have the right to terminate this contract on giving said
Conover ten days' notice in writing.

"In consideration of the foregoing covenants and agree-
ments on the part of the said A. W. Conover, said parties
of the second part hereby extend the time of the payment
of their several claims against the said Conover until they
shall be paid under the provisions of this contract.

"In witness whereof, the said parties have hereunto set
their hands the day and year first above written."

The agreement was signed by Conover, *Maxcy*, and twenty-six of the creditors.

Plaintiffs, being creditors of Conover, and not named in the agreement, instituted an action against him to recover the amount of their claim, and summoned *Maxcy* as garnishee. Judgment was recovered in the principal action. The answer of the garnishee set up the contract and admitted the possession of $275.32, and that he had an $80 claim for collection, all under said contract. It was stipulated in open court that defendant Conover was indebted to the various parties named in the agreement in various sums, exceeding the amount in the hands of the garnishee at the time the garnishee summons was served, and that he was also indebted to various other parties, including plaintiffs; that several of such others had received and held time checks; also, that the persons who signed the agreement were laborers and had worked in the box factory; that defendant was insolvent at the time the agreement was executed; that the only property he then had, aside from that mentioned in the contract, namely, the boxes on hand and in process of manufacture, and material for such boxes, consisted of the factory plant, which was incumbered for more than it was worth; that, at the time the agreement was entered into, it covered all of Conover's available assets; and that the money in the hands of the garnishee defendant, disclosed by his answer, was paid to him under such agreement.

Plaintiffs moved, on the answer of the garnishee and admitted facts, for judgment, which motion was overruled; and judgment was then entered discharging the garnishee, and for costs in his favor against the plaintiffs, from which judgment this appeal was taken.

For the appellants there was a brief by *E. C. Alvord*, and oral argument by *A. W. Sanborn*.

For the respondent there was a brief by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *E. F. Gleason*.

MARSHALL, J. The sole question presented by the record in this case is, Did the written agreement, under the circumstances, constitute an assignment for the benefit of creditors?

The principles involved have been so often applied in this court, and the law in respect thereto reduced to such a degree of certainty, that there ought to be no serious difficulty in any given case in arriving at the right conclusion.

If an insolvent debtor makes a conveyance to, or by any arrangement places his property under the control of, another, for the benefit of all or a portion of his creditors, in determining whether it amounts to an assignment for the benefit of creditors the transaction must be subjected to the test of whether it combines the elements of assignor, trustee, trust, creditors, and *cestui que. trust,* who can compel an enforcement of the trust. Bishop, Insolvent Debtors (1st ed.), § 130; *Ingram v. Osborn,* 70 Wis. 184; *Cribb v. Hibbard, S., B. & Co.* 77 Wis. 199; *Maxwell v. Simonton,* 81 Wis. 635; *Strong v. Kalk, ante,* p. 29. It is not essential that the trustee should be named as such in the instrument. *Cribb v. Hibbard, S., B. & Co.* If a trustee is agreed upon or appointed in fact to control and administer the property as such, that is sufficient. *Strong v. Kalk.* Neither is it essential that the assignment be an actual conveyance of the legal title, or cover all of the debtor's property. As said in *Cribb v. Hibbard, S., B. & Co.,* by way of quoting from standard text writers: "Voluntary assignments for the benefit of creditors are *transfers,* without compulsion of law, by debtors, of *some* or all of their property, to an assignee or assignees in *trust,* to apply the same or the proceeds thereof to the payment of some or all of their debts, and to return the surplus, if any, to the debtor. There must be a trust, a trustee, creditors, and *cestui que trust,* who can compel an enforcement of the trust, in order to constitute an assignment for the benefit of or in trust for creditors." If

the property is placed under the control of a trustee, so that the *cestui que trust* can compel the enforcement of the trust, such trustee becomes, to all intents and purposes, an assignee, the same as if the title was formally or actually made over to him as such.

It follows from the foregoing that if an insolvent debtor, either by actual conveyance or transfer in any manner, by agreement with a portion or all of his creditors, places the whole or a part of his property under the control of a third person or one of the creditors, as trustee, to administer for the benefit of the creditors who are parties to the agreement, so that such creditors can compel the enforcement of the trust, the transaction constitutes an assignment for the benefit of creditors, and is void if it violates the provisions of the statutes of this state prescribing the conditions and restrictions to be observed requisite to the validity of such assignment.

The rule above stated is decisive of this case. The money admitted to be in the possession of the garnishee, *Maxcy*, was placed there under an agreement constituting him a trustee of the fund for the benefit of the creditors who signed the agreement. Defendant Conover was insolvent at the time of the transaction. The creditors, as against Conover and *Maxcy*, could compel the enforcement of the trust. The provisions of the statutes of this state on the subject of assignments for the benefit of creditors were not complied with. Hence the assignment was void at the suit of plaintiffs, and the respondent *Maxcy* is liable as garnishee.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.