THE F. DOHMEN COMPANY (LIMITED), Appellant, vs. VOGEL,. Garnishee, Respondent.

*September 9 — September 28, 1897.*

*Voluntary assignment: Chattel mortgages.*

E., who was the executor of an estate, being indebted to such estate and being insolvent, V., one of the sureties on his bond, paid the whole amount owed by him to the estate, and took mortgage security from E., and B., his co-surety, agreed to pay one half of any loss V. might sustain. *Held,* that the transaction did not consti-tute a voluntary assignment for the benefit of creditors.

APPEAL from a judgment of the superior court of Milwau-kee county: J. C. LUDWIG, Judge. *Affirmed.*

Defendant Fred Esau, for some time prior to December 26, 1895, was engaged in the wholesale liquor and drug business in the city of Milwaukee, and was also the executor .of the estate of George Siever, deceased. The garnishee, *F. Ludwig Vogel,* and Charles Von Baumbach were defend-ant's bondsmen. Esau was indebted to the estate in the sum of from $15,000 to $16,000, and was indebted to the gar-nishee, *Vogel,* and his sons, as F. Ludwig Vogel & Sons, on two promissory notes, one for $1,200 and one for $2,000,. and was also indebted on another note for $6,000 to Will-iam H. and Arthur H. Vogel; and defendant Esau was other-wise indebted in considerable sums.

On the day of December heretofore mentioned, Esau gave to *F. Ludwig Vogel* a note for $21,000, and secured the same by a chattel mortgage on his stock in trade and also a real-estate mortgage. He, at the same time, assigned cer-tain book accounts to William H. and Arthur H. Vogel, which were immediately assigned to *F. Ludwig Vogel,* and the claim which Arthur and William had against Esau was charged to their father on the books of F. Ludwig Vogel & Sons. At and before the time of the giving of the note

heretofore mentioned, for $21,000, *F. Ludwig Vogel* paid Esau's indebtedness to the estate. That, with other indebtedness of Esau to *Vogel*, existing at the time the mortgage was given, exceeded the full sum of $21,000. At the time *Vogel* assumed the entire indebtedness of Esau to the estate and paid the same, and took the note and mortgage mentioned, Baumbach agreed to pay *Vogel* one half of any loss thereby sustained. When the matter was fixed up Baumbach did not have money to pay his part, so it was understood that *Vogel* should pay the entire sum, which both of the bondsmen were responsible for, and take security therefor from Esau, and look to Baumbach to stand one half of any loss ultimately sustained. Esau was hopelessly insolvent when the mortgage was given.

Plaintiff, a creditor of Esau, after the transactions mentioned, brought this action and garnished *Vogel* upon the theory that the chattel mortgage given to him was, in effect, a conveyance in trust for the benefit of himself and Baumbach, and void as an assignment for the benefit of creditors. Issue was joined in the garnishee proceedings to test the validity of the chattel mortgage. The issue was decided in favor of the garnishee, and judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood*, attorneys, and *Jackson B. Kemper*, counsel, and oral argument by *Jackson B. Kemper*.

For the respondent there was a brief by *Julius E. Roehr*, and oral argument by *J. A. Oaks*.

MARSHALL, J.  In regard to the subject of this appeal, we repeat what was in effect said in *Jameson v. Maxcy*, 91 Wis. 563, which turned on a similar question: " The principles of law here involved have been so often stated and applied, and reduced to such degree of certainty by frequent adjudications of this court, that no serious difficulty can exist in any

case involving such principles, in arriving at a right conclusion." It is essential to a voluntary assignment for the benefit of creditors that there be a trust, a trustee, creditors, and *cestui que trust* who can compel an enforcement of the trust; hence there must be a transfer by a debtor of the title to or control of all or some part of his property to another in trust, to pay a part or all of his debts, and return the proceeds, if any, to such debtor. *Jameson v. Maxcy, supra,* and cases cited. So, whether an alleged assignment for the benefit of creditors be such in fact must be determined by testing it by the foregoing rule, and unless by such test each and all the essential elements mentioned are found present, the decision must be against the existence of such assignment.

To satisfy the foregoing in this case, the appellant contends that Baumbach was a creditor of Esau and that the mortgage to *Vogel* was to all intents and purposes for the benefit of the former as well as the latter. But the fact appears, uncontroverted, that the whole indebtedness of Esau to the estate of George Siever, for which Baumbach and *Vogel* were jointly liable as Esau's bondsmen, was assumed and paid by the latter. No part of the sum paid was refunded to *Vogel* by Baumbach before the mortgage was given, or at all. The relation of debtor and creditor obviously did not exist between Esau and Baumbach when the mortgage was given or at any time thereafter. The latter was at best only a surety for the former to *Vogel* to the extent of one half of any sum which the latter might fail to realize out of the mortgage security.

It follows from the foregoing that the decision of the trial court is manifestly right and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.