Collins vs. Lowry.

COLLINS, Administrator, Appellant, vs. LOWRY, Respondent.

*November 29 — December 16, 1890.*

*Conversion of personal property: Return: Damages: Costs.*

1. If the plaintiff in an action to recover the value of personal property wrongfully converted accepts a return of the property, he cannot thereafter recover damages for time and trouble and the expenses incurred in obtaining such return.

2. In such an action the plaintiff, after having refused defendant's tender of a return of the property and judgment for nominal damages and the costs, upon the trial accepted and received the property and recovered judgment for nominal damages. *Held,* that the defendant was entitled to recover his costs accruing after his tender.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that October 10, 1883, the plaintiff's intestate, H. C. Atkins, was indebted to the defendant in the sum of $2,138.75, evidenced by two promissory notes,— one for $1,000, due in thirty days, and the other for $1,138.75, due in ninety days; that to secure the payment of said notes the said Atkins delivered to the defendant fifty shares of the capital stock of the Wisconsin, Pittsville & Superior Railway Company, then the property of said Atkins. Atkins died April 12, 1884. The complaint in this action alleges, in effect, the death of said Atkins, the appointment of the plaintiff as administrator of his estate, that the value of said stock was $5,000, and that February 23, 1886, at Milwaukee, the defendant, being in the possession of the same and the certificate thereof, unlawfully and wrongfully converted and disposed of the same to his own use, and to the plaintiff's damage in the sum of $6,000, for which judgment was demanded. The defendant answered to the effect that he held said stock as collateral security for said indebtedness to him.

The cause was tried in January, 1889, and during the trial the defendant offered to return the stock certificate in question in mitigation of the damages, but which offer and tender was not accepted by the plaintiff, and no ruling of the court was made thereon. The jury on that trial disagreed on the question of damages, and were discharged.

February 2, 1889, the defendant, with leave of the court, amended his answer, and alleged, in effect, that said stock had been issued by said corporation without authority and in violation of law, and that the same and said certificate were absolutely void. February 12, 1889, the defendant served written notice upon the plaintiff to the effect that the defendant brought into court said stock certificate, and filed the same therein for the use and benefit of the plaintiff, and thereby tendered the same to the plaintiff and offered to surrender said certificate and all the right, title, and interest of the defendant therein and in and to said stock, to the plaintiff, and thereby offered and tendered to the plaintiff judgment therein against the defendant for nominal damages and for the costs and disbursements of the action. The plaintiff thereupon, by written notice served on the defendant and filed in the action, declined to accept said offer and tender, for reasons therein stated.

The cause again came on for trial September 17, 1889, and thereupon the plaintiff, with leave of the court, amended his complaint by alleging, in effect, that in consequence of the conversion of the stock certificate the plaintiff had been subjected to great trouble, loss, and expense in order to regain possession of the same, to wit, upwards of $1,000, all of which he claimed and insisted as chargeable to the wrongful act of the defendant alleged. Thereupon the plaintiff announced in open court his readiness to receive and accept the stock certificate mentioned, then on file with the clerk of the court, and thereupon introduced said stock certificate in evidence. At the close of the plaintiff's

testimony the defendant moved for a nonsuit, which was denied. Thereupon the plaintiff requested the court to give to the jury two several written instructions, which request was refused. The court thereupon directed the jury to return a verdict in favor of the plaintiff, and assess his damages at six cents, and such verdict was thereupon returned accordingly.

The respective parties thereupon served upon each other a bill of costs and disbursements in the action, with notice of the taxation of the same before the clerk, each objecting to the allowance of the costs asked by the opposite side. Upon the hearing of such applications the clerk wholly disallowed all the plaintiff's costs and disbursements, and taxed the defendant's costs and disbursements at the sum of $60.97, and on appeal therefrom the same was affirmed by the circuit court. Thereupon judgment was entered in favor of the defendant and against the plaintiff for the amount of costs and disbursements so taxed, less the damages so assessed, to wit, the sum of $60.91. From that judgment the plaintiff appeals.

For the appellant there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*. To the point that the plaintiff was entitled to recover damages for the expenses incurred in obtaining the return of the stock, and also for his time and trouble, they cited *Johanneson v. Borschenius*, 35 Wis. 131; *Anderson v. Sloane*, 72 id. 566; *Braunsdorf v. Fellner*, 76 id. 1, 17; *Western L. & C. Co. v. Hall*, 33 Fed. Rep. 236, and cases cited; *Ford v. Williams*, 24 N. Y. 359, 366.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

CASSODAY, J. The principal contention is as to whether the plaintiff, after having at the commencement of the sec-

ond trial in open court received and accepted the stock certificate previously tendered to the plaintiff in writing and deposited and filed by the defendant with the clerk of the court, could also recover actual damages for his time, trouble, and expenses incurred in the bringing of this action and obtaining the return of the stock. The learned counsel for the plaintiff contends that he was entitled to such recovery, and he requested an instruction to that effect, and also an instruction to the effect that the plaintiff was entitled to, as damages, $514 incurred for counsel fees up to the time of the last trial, and $500 for the plaintiff's time and trouble in the premises, and such further sum as, in the opinion of the jury, would compensate the plaintiff for the expenses of the trial and expenses incident thereto. These instructions were refused, and the jury, under the directions of the court, returned a verdict for nominal damages only.

This is not an action to recover specific personal property and damages for the withholding of the same. If it were, the plaintiff probably might take back the property and then recover all damages for such withholding. But this is, in effect, the old action of trover; that is to say, an action to recover the value of the stock so wrongfully converted. The theory of the case is that the defendant is only answerable for the value of the property, and that he or his vendee or transferee is to be regarded as the owner. Such being the nature of the action, a verdict for the value of the property converted necessarily covers and includes the damages for such conversion, and the acceptance by the plaintiff of the thing converted necessarily covers and includes its value, and hence such acceptance extinguishes the alleged cause of action for such value; in other words, the plaintiff, pending such an action, cannot waive the alleged tortious conversion by taking back the property, and at the same time continue the action and recover the full or partial value of the thing converted, nor even to recover

costs. Thus in *Geiser T. M. Co. v. Smith*, 36 Wis. 295, it was held that, "upon issue joined in an action sounding in damages, the plaintiff cannot recover costs without damages. Where, after commencing an action upon a note, the plaintiff accepted payment of the amount due on the note, this extinguished his right of action, and it was error to render judgment in his favor for the costs of the suit." This was expressly approved and the principle fully discussed by Mr. Justice ORTON in the recent case of *Two Rivers Mfg. Co. v. Beyer*, 74 Wis. 221. It follows that there was no error in directing a verdict as indicated, and in refusing to instruct as requested.

To entitle the plaintiff to costs in such an action it was necessary for him to recover at least $50 damages. Subd. 5, sec. 2918, R. S. Since the plaintiff was not entitled to costs, it follows that the defendant was. Sec. 2920, R. S. "The defendant may, in any action, at any time before the trial, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum or property or to the effect therein specified, with costs." Sec. 2789, R. S. The defendant served such offer in writing February 12, 1889. If the plaintiff desired to accept such offer, he was required by the section of the statutes last cited to give notice thereof in writing within the time specified. *Ibid.* The plaintiff not only failed to give notice of such acceptance, but served and filed a written notice expressly declining to accept such offer and tender. The section of the statutes cited also expressly provides that "if notice of acceptance be not given, the offer is deemed to be withdrawn and cannot be given as evidence nor mentioned on the trial; and if the plaintiff failed to obtain a more favorable judgment he cannot recover costs, but must pay defendant's costs *from the time of the offer.*" *Ibid.* Since the plaintiff declined to accept the defendant's offer, the same must be regarded under the statute as withdrawn. *Auley v. Oster-*

*man,* 65 Wis. 127. Since the plaintiff failed to obtain a more favorable judgment than was thus tendered, he was manifestly precluded by this provision of the statute from recovering any costs. It is true that the statute only authorized the taxation of such costs in favor of the defendant as accrued subsequently to the time of such offer, but there is nothing in the record indicating that any costs or disbursements that accrued prior to such offer were taxed in favor of the defendant. Such being the condition of the record, there is no reversible error by reason of any improper allowance of costs or disbursements.

*By the Court.—* The judgment of the circuit court is affirmed.