BUGBEE, Appellant, vs. LOMBARD and another, Respondents.

*October 16 — November 4, 1896.*

*Voluntary assignment: Bill of sale: Evidence: Conversion: Costs.*

1. In an action against a sheriff for the conversion of personal property under an execution, evidence that the plaintiff went to one W. to collect or secure two claims against him, and that W., being unable to pay, made and delivered to plaintiff an instrument which was in form an absolute bill of sale of the property in question, with the understanding that it was given simply as security for said claims, and that plaintiff was to enforce the security if necessary and settle between the parties, is *held* to establish, as matter of law, an assignment for the benefit of certain creditors which was therefore void.

2. Such an action is an action of tort for the recovery of money, within the meaning of subd. 5, sec. 2918, R. S., and the plaintiff must recover at least $50 damages to entitle him to costs.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

The action was for the conversion of four horses, which plaintiff claimed under a bill of sale from one Wells, the former owner thereof. The defendant *Lombard* was the sheriff of Polk county, and justified the conversion under an execution issued to him as sheriff of Polk county upon a judgment against Wells in favor of his co-defendant, rendered in the circuit court for Washburn county, and claimed that the bill of sale to the plaintiff was fraudulent as to creditors of Wells. Upon a former trial it was not shown that a transcript of the judgment had been filed in Polk county prior to the issuance of the execution, as required by R. S. sec. 2971, and for this reason the judgment then rendered was reversed. *Bugbee v. Lombard*, 88 Wis. 271. Upon the present trial proof was made that a transcript of the judgment in question was duly filed in the office of the clerk of the circuit court of Polk county prior to the issuance of the execution upon which the defendant *Lombard* justified. A verdict for the plaintiff for six cents damages was directed,

and judgment awarding such damages to the plaintiff and awarding to the defendants taxable costs was rendered, from which the plaintiff has again appealed. The judgment of nominal damages for the plaintiff was rendered because it appeared that the sheriff first seized the property on June 4 upon an execution conceded to be invalid, and afterwards released this levy, and on the 24th of the same month levied on the same property on the execution upon which he has justified.

For the appellant the cause was submitted on the briefs of *A. L. Bugbee.* He contended, *inter alia,* that the instrument in question is a valid chattel mortgage and not an assignment for the benefit of creditors. *Carter v. Rewey,* 62 Wis. 552; *Chicago Coffin Co. v. Maxwell,* 70 id. 282; *Menzesheimer v. Kennedy,* 75 id. 411; *Cribb v. Hibbard, S., B. & Co.* 77 id. 208; *Michelstetter v. Weiner,* 82 id. 298; *Lane v. Duchac,* 73 id. 646; *Burnett v. Pratt,* 22 Pick. 556; *Sumner v. Dalton,* 58 N. H. 295; *Wheeler v. Nichols,* 32 Me. 233; *Low v. Wyman,* 8 N. H. 536; *Barker v. Hall,* 13 id. 298; *Danforth v. Denny,* 25 id. 155. It was not shown by defendants that Wells had not sufficient means to pay his indebtedness within a reasonable time when the instrument was executed. As a matter of fact he did have sufficient property to pay all of his debts, but this was not proven. If the debtor has sufficient property to pay all creditors within a reasonable time he is not insolvent. The fact that Wells paid several thousand dollars after he made this mortgage in question would be sufficient to show that he was not insolvent. It was incumbent on the defendants to show that Wells did not have available property equal in amount to the debts owing.

For the respondents there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.* To the point that the bill of sale was a voluntary assignment, they cited *Winner v. Hoyt,* 66 Wis. 227; *Maxwell v. Simonton,* 81 id.

Bugbee vs. Lombard and another.

635; *Fuller & Fuller Co. v. McHenry*, 83 id. 573; *Northern Nat. Bank v. Weed*, 86 id. 212; *Strong v. Kalk*, 91 id. 29.

WINSLOW, J. It appears from the foregoing statement that the defect in the evidence which necessitated reversal upon the former appeal was supplied upon the second trial; hence the case is now presented upon the merits. The verdict was evidently directed upon the ground that the evidence conclusively showed that the transfer by Wells to the plaintiff was, in legal effect, an assignment for the benefit of certain of the creditors of Wells, and was void under the rule laid down in *Winner v. Hoyt*, 66 Wis. 227, and subsequent cases. In this conclusion we think the circuit court was entirely right. The evidence of the plaintiff himself showed that he went to Wells to collect or secure two claims against Wells which were in his hands, amounting to about $1,100; and that Wells, being unable to pay, made and delivered to plaintiff an instrument which was in form an absolute bill of sale of the horses, with the understanding that it was given as security simply for the payment of the two claims, and that plaintiff was to enforce the security, if necessary, and settle between the parties. Here was plainly "a trust, a trustee, creditors, and *cestui que trust* who can compel an enforcement of the trust." *Maxwell v. Simonton*, 81 Wis. 635; *Jameson v. Maxcy*, 91 Wis. 563.

It is claimed that costs should not have been adjudged to the defendants. The action was substantially the old action of trover. In such case the plaintiff must recover at least $50 damages in order to be entitled to costs. R. S. sec. 2918, subd. 5; *Collins v. Lowry*, 78 Wis. 329. The plaintiff not being entitled to costs, the defendants were. *Id.;* R. S. sec. 2920.

There are no other questions raised which are necessary to be discussed.

*By the Court.*— Judgment affirmed.

MARSHALL, J., took no part.