CERNAHAN, Respondent, vs. CHRISLER, Appellant.

*September 27 — October 12, 1900.*

*Conversion: Return of property pending suit: Damages: Mitigation: Tender: Costs.*

1. Plaintiff purchased a horse and buggy of L., who delivered the property at a certain livery stable. L. having absconded leaving her children, their uncle came to town to get what property she left and employed defendant to assist him. Defendant, who was undersheriff, having discovered the property at the stable, directed those in charge not to allow any one to remove it, and thereafter returned with the uncle and directed the property to be delivered to him, which was done. Defendant was ignorant of plaintiff's ownership and, when he did learn thereof, offered to return the property,

Cernahan vs. Chrisler.

which he did after suit had been commenced. *Held*, that defendant clearly exercised dominion over plaintiff's property in defiance of his rights, and was guilty of its conversion.

2. In such case, the defendant being answerable not only for the value of the property, but for any special damages the plaintiff had sustained, the return to the plaintiff of the property and its acceptance, or its retaking, pending the suit goes only to mitigate the damages, and not in bar of the action.

3. Where, in an action for conversion, the property is returned to and accepted by plaintiff pending the action, the defendant may protect himself against a judgment for the costs of the action, in case nominal damages only are finally recovered, by tendering judgment for nominal damages and costs up to the time of tender.

APPEAL from a judgment of the circuit court for Chippewa county: E. W. HELMS, Judge. *Affirmed.*

This action was brought in justice's court to recover for the conversion by defendant of a horse, buggy, and harness. The trial resulted in a judgment for plaintiff for six cents damages and costs. The case was appealed to the circuit court, and was tried and disposed of upon the justice's return of testimony. The judgment of the court below was affirmed. The following facts are shown by the record: Plaintiff purchased the property of Mrs. Lowe, a widow, who at his direction left it at a livery stable in the city of Eau Claire. Mrs. Lowe eloped, leaving several children. William Lowe, a brother of her deceased husband, took charge of the children. He came to Eau Claire to look up any property she may have left, and at his request the defendant, who was undersheriff, assisted him. The defendant found the property at the livery stable, and directed the persons in charge not to let any one have it. He returned soon afterwards with Mr. Lowe, and directed the livery-stable keeper to deliver the property to him, and it was taken away. He acted on the supposition that it belonged to Mrs. Lowe. The following day he was informed by the plaintiff that he owned the property. He replied that he had acted a little too quick in the matter, and that he would

have the horse brought in the next day.  After the suit had been commenced, and before trial, Lowe brought the property back to the stable, and made claim for keeping of the horse.  Plaintiff declined to pay, and took the property and sent it to his farm.  There are other minor circumstances shown by the record tending to support the alleged conversion, but it is deemed unnecessary to state them in detail. Defendant brings this appeal.

The cause was submitted for the appellant on the briefs of *Wickham & Farr*, and for the respondent on that of *Frawley, Bundy & Wilcox*.

Counsel for the appellant contended, *inter alia*, that the defendant's acts complained of did not constitute a conversion.  *Smith v. Schulenberg*, 34 Wis. 41, 50; 2 Greenl. Ev. §§ 642, 643; *Tinker v. Morrill*, 39 Vt. 477; *Gossler v. Wood*, 120 N. C. 69; *Terry v. Birmingham Nat. Bank*, 93 Ala. 599; 4 Am. & Eng. Ency. of Law, 108, 109; 26 id. 735; *Bolling v. Kirby*, 24 Am. St. Rep. 796, note; Cooley, Torts, 448; Bryant's Justice, § 1212; *Smith v. Colby*, 67 Me. 169; *Gurley v. Arnstead*, 148 Mass. 267; *Hodgson v. St. Paul P. Co.* 78 Minn. 172; *State v. Staed*, 72 Mo. App. 581; *Geo. H. Fuller D. Co. v. McDade*, 113 Cal. 360; *Steele v. Marsicano*, 102 Cal. 666; *Gillet v. Roberts*, 57 N. Y. 28; *School Dist. v. Zink*, 25 Wis. 636; *Tucker v. Housatonic R. Co.* 39 Conn. 447; *Fouldes v. Willoughby*, 8 Mees. & W. 540.

BARDEEN, J.  Two questions are suggested by the record: (1) Does the evidence show that defendant was guilty of a conversion of the property sued for ?  (2) Was the taking of the property by plaintiff pending the suit a waiver of his cause of action for conversion ?

1. We will first inquire what acts of a party constitute a conversion.  Perhaps as terse a definition as can be found in the books is given in Cooley, Torts (2d ed.), 524. 'The learned author says: " Any distinct act of dominion wrong-

Cernahan vs. Chrisler.

fully exerted over one's property in denial of his right, or
inconsistent with it, is a conversion." It is not necessary
that there should be a manual taking, or that it should be
shown that he applied it to his own use. The test is, Does
he exercise a dominion over it in exclusion or in defiance
of the plaintiff's rights? If he does, that in law is con-
version, be it for his own or another person's use. Neither
is it any defense to say that he acted as agent. "But one
who assists in a wrongful taking of goods is liable, though
he acted as agent merely, for agency cannot be recognized
as a protection in wrongs." Cooley, Torts, 529. Neither is
the motive which controlled the party available as a defense,
except, in cases where exemplary damages are claimed, it
may be shown in mitigation. *Baltimore & O. R. Co. v.
O'Donnell*, 21 L. R. A. 117, 49 Ohio St. 489; *Tobin v. Deal*,
60 Wis. 87. In view of these rules, it seems entirely un-
necessary to discuss the evidence. The defendant clearly
exercised dominion over the plaintiff's property in defiance
of his rights. It does not serve to excuse him that he was
ignorant of plaintiff's title, or supposed title was in Mrs.
Lowe, or that he was acting in the interest of Mr. Lowe.
We say, therefore, that there is evidence to support the
plaintiff's cause of action.

2. After this suit was commenced the plaintiff took pos-
session of the property, and it is now claimed by defendant
that he waived his right to further prosecute his action. We
are referred to *Collins v. Lowry*, 78 Wis. 329, as an author-
ity sustaining that proposition. This was an action for the
conversion of certain shares of stock. Pending the action
the defendant brought such shares into court and tendered
them to plaintiff. At the trial plaintiff announced his readi-
ness to accept the stock, and thereupon introduced the stock
certificate in evidence. He claimed also the right to recover
damages for his time, trouble, and expense in attempting to
secure a return of the stock. The court directed a verdict

for nominal damages. The recovery being less than $50, judgment for costs was entered for defendant. In this court the plaintiff insisted that he was entitled to recover for his expenses, etc. In denying a recovery under the circumstances, the following language was used: "The theory of the case is that the defendant is only answerable for the value of the property, and that he or his vendee or transferee is to be regarded as the owner. Such being the nature of the action, a verdict for the value of the property converted necessarily covers and includes the damages for such conversion, and the acceptance by the plaintiff of the thing converted necessarily covers and includes its value, and hence such acceptance extinguishes the alleged cause of action for such value. In other words, the plaintiff, pending such action, cannot waive the alleged tortious conversion by taking back the property, and at the same time continue the action and recover the full or partial value of the thing converted, not even to recover costs." It will be observed that no cases are cited to sustain this proposition. It is true that in actions for conversion of property the measure of damages is generally the value of the property at the time and place of the conversion, with interest; but, when the circumstances show special damage over and above the value of the property, the almost universal current of authority is that such damage may be recovered in such action.

This rule was recognized in *Churchill v. Welsh,* 47 Wis. 39, is incidentally referred to in *Ingram v. Rankin,* 47 Wis. 406, and is expressly stated in *Parroski v. Goldberg,* 80 Wis. 339. In *Churchill v. Welsh,* 47 Wis. 39, and again in *Warder v. Baldwin,* 51 Wis. 450, this court discussed the circumstances under which there may be a return of the property converted, in mitigation of damages, pending the suit. The conclusion arrived at was that in case of such return, and in the absence of evidence showing special damage, the recovery should be limited to nominal damages.

In *Farr v. State Bank*, 87 Wis. 223, the rule is again referred
to and affirmed.   It is there distinctly said that unless the·
plaintiff has suffered special damages, apart from the value·
of the property, the recovery must be limited to nominal
damages, although in that case the return was made before·
the action was brought.   It will be observed that the court.
speaks of the return of the property as being in *mitigation*.
*of damages* and not in extinguishment of the cause of action.
This seems to be the rule everywhere, as will be seen by
reference to the following authorities: Cooley, Torts (2d
ed.), 535, note 1; 2 Addison, Torts,* 513, § 534; 2 Jaggard,.
Torts, 720; *Walker v. Fuller*, 29 Ark. 448 (where it is ex-
plicitly stated that, although the plaintiff could not recover·
the full value of the goods after retaking them, yet the re-
ceipt back of the goods alone would not bar the action;.
the fact should have gone in mitigation of damages); *Green-
field Bank v. Leavitt*, 17 Pick. 1 (where it is said, " It is also
well settled that, if the property for which the action is.
brought be returned to and received by the plaintiff, it shall
go in mitigation of damages ");· *S. C.* 28 Am. Dec. 268, and
note.   The case of *Bigelow Co. v. Heintze*, 53 N. J. Law, 69·
contains an extended discussion of the question.   The court
there says: "In trover the cause of action is complete upon
proof of the conversion.   The return of the property is no
bar to the action, but is admissible in mitigation of dam-
ages."

Many other cases might be cited, but to do so would in-
cumber the record.   The rule is universal, and rests upon
the ground that the return of the property does not extin-
guish the cause of action, but simply goes in mitigation of
the damages.

It being established in this state that special damages may
be recovered in actions of this kind, the infirmity of the rule·
stated in *Collins v. Lowry*, 78 Wis. 329, becomes apparent.
The theory of the case is not that " the defendant is only

answerable for the value of the property." He is answerable, not only for the value of the property, but for any special damage the plaintiff has sustained. Hence a return or retaking of the property goes only to mitigate the damages, and not in bar of the action. In the case at bar, however, no special damages are shown. In *Iliort v. L. & N. W. R. Co.* 4 Exch. Div. 188, 195, BROMWELL, L. J., said: "A conversion cannot be purged, and if a defendant is guilty of conversion he must pay some damages. A return of the goods undoubtedly might be shown, to reduce the damages, in the case of conversion, not only when the owner voluntarily received back the goods, but when he took them back against his will. In an action of trover and conversion, the practice was for a defendant to apply to the court for a stay of proceedings on a delivery up of the goods, and on payment of nominal damages and costs; but if the plaintiff refused to accept delivery, and insisted on proceeding with his action for substantial damages, he did so at his peril, and if he failed to get substantial damages he was made to pay the costs of the action. It is clear, therefore, that on a return of the goods the plaintiff would recover, not their value, but the damages he had sustained by the wrongful act, which was called the conversion." The rule above suggested, when a return of the property had been had, of applying to the court to stay or dismiss the action upon tender or payment of nominal damages and costs, was referred to and approved in *Bigelow Co. v. Heintze, supra,* and is one that furnishes ample protection to the defendant. It is certainly against the policy of the law to permit parties to carry on litigation when only the question of costs is involved. The case of *Geiser T. M. Co. v. Smith,* 36 Wis. 295, however, does not quite strike the situation here presented. There the payment of the note in suit extinguished the entire cause of action, and the court held there could be no judgment for costs without a judgment for damages. Here the plaintiff

was entitled, at least, to a judgment for nominal damages, which was a sufficient foundation to carry costs. The defendant might easily have protected himself by setting up the facts in his answer, and tendering payment of nominal damages and costs, as hereinbefore suggested.

*By the Court.*— The judgment of the circuit court is affirmed.

CASSODAY, C. J., took no part.

