Trimborn v. Reimer, 112 Wis. 437.

---

TRIMBORN, Appellant, vs. REIMER, Respondent.

*December 2 — December 17, 1901.*

*Costs in circuit court: Action triable in justice's court: Appeal from justice's court.*

1. Sec. 2918, Stats. 1898, provides that costs shall be allowed of course to the plaintiff in an action in the circuit court upon a recovery: "3. In the actions of which a justice's court has no jurisdiction.

4. In an action for assault and battery, false imprisonment, libel, slander, malicious prosecution or seduction. . . . 5. In other actions of tort for the recovery of money when the plaintiff shall recover $50 or more." Sec. 2920 provides that costs shall be allowed of course to the defendant in the actions mentioned unless the plaintiff shall be entitled to costs. *Held*, that where the plaintiff recovered $50 damages in an action for trespass to realty commenced in circuit court, he was entitled to costs under subd. 5, even though the action might have been brought in justice's court.

2. Subd. 5, sec. 2918, Stats. 1898, does not apply to costs in cases commenced in justice's court and taken by appeal to the circuit court, such cases being governed by sec. 2925.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

The plaintiff brought this action in the superior court of Milwaukee county to recover damages for a trespass to certain real estate owned by her, alleged to have been committed by the defendant. Damages were laid at $3,000. A trial by court and jury resulted in a verdict of $50 for plaintiff. The plaintiff's costs were allowed and taxed by the clerk at the sum of $59.86. Upon review by the court, the clerk's taxation was reversed, "because said plaintiff is not entitled to costs, as this action is one for an involuntary trespass, and the title to real estate did not come in question, and an action in which a justice of the peace had jurisdiction, as the recovery had herein by plaintiff is $50, and less than the amount recoverable in justice's court." The clerk was ordered to tax costs in favor of defendant. Costs were so taxed at $67.15, and offset against plaintiff's recovery. Judgment was entered for defendant for $17.15, from which plaintiff brings this appeal.

For the appellant there was a brief by *Nath. Pereles & Sons*, and oral argument by *G. D. Goff.*

For the respondent the cause was submitted on the brief of *Rogers & Mann.*

BARDEEN, J. This action is one sounding in tort. The complaint sets out a cause of action for trespass to realty,

and claims $3,000 damages. The recovery was $50. The trial court denied the plaintiff the right to costs on the ground that the action was one in which a justice of the peace had jurisdiction. In determining the question of jurisdiction, the court was undoubtedly governed by the cases of *Dunning v. Faulkner*, 10 Wis. 394, and *Power v. Rockwell*, 39 Wis. 585. These cases hold that, under the statute as it then existed, in actions of which a justice of the peace had jurisdiction, and which were brought in the circuit or county courts, it is the amount *recovered* in the latter courts which determines whether the plaintiff or defendant shall have costs; that costs were to be allowed defendant in all actions to recover money, brought in the circuit or county courts, which were cognizable before a justice of the peace, unless the plaintiff should recover judgment for $50 or more, and it made no difference that the amount claimed by the plaintiff exceeded the jurisdiction of the justice. The statute then in force was sec. 38, ch. 133, R. S. 1858 (sec. 54, ch. 133, Tay. Stats.). By the revision of 1878 the section relating to costs in the circuit courts (sec. 2918) was changed to its present form. So far as is material to the present controversy, sec. 2918, Stats. 1898, is as follows:

"Costs shall be allowed of course to the plaintiff in an action in the circuit court upon a recovery in the following cases, except when otherwise specially provided by law: . . .

"3. In the actions of which a justice's court has no jurisdiction.

"4. In an action for assault and battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, but if in any such action the plaintiff recovers less than fifty dollars damages he shall receive no more costs than damages.

"5. In other actions of tort for the recovery of money when the plaintiff shall recover fifty dollars or more."

A comparison of the two sections shows that subd. 4 was entirely changed and rewritten in the revision, and that subd. 5 was added as a new provision. Sec. 2920 provides

that costs shall be allowed of course to the defendant in the actions mentioned unless the plaintiff shall be entitled to costs therein. The idea in the mind of the trial court seems to have been that because this action, tested by the amount of the recovery, was one of which a justice had jurisdiction, the plaintiff was not entitled to costs, and the defendant was. In other words, the dominant purpose of the statute was to prevent a plaintiff from recovering costs in any case of which a justice had jurisdiction.

In the construction of statutes the first question for the court is to ascertain the legislative intent. To ascertain that purpose the whole and every part is to be considered. This survey and comparison are necessary in order to make all the parts harmonious. If practicable, effect must be given to all the language employed. Sutherland, Statutory Construction, § 239. Here the main legislative purpose is manifest from the terms of the statute, and need not be discussed. It was to establish the circumstances under which litigants might recover costs in actions originally brought in the circuit courts. One of those circumstances was that the plaintiff should have costs as of course in all actions of which a justice's court had no jurisdiction. This covered a great variety of cases like equitable actions, actions for slander, libel, etc. Another class of actions was as mentioned in subd. 4; and the third, such " other actions of tort " as come within the terms of subd. 5. These provisions, standing alone, unquestionably give plaintiff costs in this case. Her recovery has met every requirement of the statute, and costs go as of course. The difficulty arises when we come to consider the provisions of sec. 2920. There it is said that costs go to defendant unless the plaintiff be entitled to costs. The argument here is that as the action, considered on the basis of the recovery, was one that might have been brought in justice's court, under subd. 3 and sec. 2920 costs must go for defendant. If it was intended by the legislature that in all

cases brought in the circuit, of which a justice's court had jurisdiction, costs should go to defendant, that body has taken a most roundabout way of expressing such intention. Let us take an illustration: By subd. 8, sec. 3572, a justice is given jurisdiction of actions to recover possession of personal property when the value of the property claimed shall not exceed $200. The circuit courts also have jurisdiction of such actions, and under subd. 2, sec. 2918, costs are given plaintiff as of course, where such actions are brought in that court, when the value of the property recovered is $50 or more. If it was intended in this class of actions, or in the class of actions mentioned in subd. 4 and 5, to deny costs to plaintiff in all cases when the amount of the recovery showed that a justice might have had jurisdiction, it would have been an easy matter to have said so. The language of these subdivisions is plain and unequivocal,— that in all actions brought in the circuit court, of the classes mentioned, if the recovery therein meets the demands of the statute, the plaintiff shall have costs. The force of this language cannot be overcome by subsequent language of doubtful import. If the construction contended for by defendant and adopted by the trial court is correct, then, notwithstanding the provisions of subd. 4, a plaintiff who obtains a verdict of $200 or under for damages for assault and battery, criminal conversation, or seduction, in an action brought in the circuit court, must pay costs to defendant, under sec. 2920. The same would also be true as to "other actions of tort" mentioned in subd. 5. That such is not the proper construction is plainly inferable from the following cases: *Corcoran v. Webster*, 50 Wis. 125; *Kiefer v. Carrier*, 53 Wis. 404; *Collins v. Lowry*, 78 Wis. 329; *Mace v. Reed*, 89 Wis. 440; *Bugbee v. Lombard*, 94 Wis. 326. So far as the facts here involved are concerned, we read the statutes to mean that in all actions of which a justice's court has jurisdiction, brought in the higher courts, the plaintiff must pay costs, unless they

are such actions as are mentioned in subd. 4, 5, sec. 2918, and the recovery is of the amount therein specified. This preserves the plain meaning and integrity of the language used, and avoids confusion and uncertainty. We do not claim that subd. 5 repeals subd. 3, but that it modifies it to the extent mentioned, and no more. The contention of defendant's counsel that the former subdivision applies to actions brought in justice's court and taken to circuit court on appeal, and that costs are then allowed plaintiff if he recovers $50 or more, is absolutely without foundation. Costs in cases of this nature are governed by sec. 2925, and sec. 2918 has no application. The change in the statute by the revision of 1878 and the addition of the new provision referred to render inapplicable the language of some of the earlier decisions referred to by defendant's counsel.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with directions to enter judgment for plaintiff, with costs.