LUCAS, Respondent, vs. SHERIDAN and another, Appellants.

*March 17—April 5, 1905.*

*Conversion of personal property: Sheriff: Offer to return: Injury to goods: Instructions to jury.*

1. In an action against a sheriff and undersheriff for the conversion of personal property contained in a houseboat levied upon by the officers, it was not error to instruct the jury that if the

person placed in charge of the boat by the defendants forbade plaintiff to take the property, knowing or having been informed that plaintiff was the owner thereof, this was a denial by defendants of plaintiff's right and amounted to a conversion of the property.

2. The evidence in such action—tending to show, among other things, that after the levy upon the houseboat the defendants removed plaintiff's goods therefrom and put them upon the beach, but forbade the plaintiff to take them away; that while lying upon the beach the goods were rained upon and injured; and that two or three days later defendants offered to let plaintiff have the goods, but he then refused to take them because they had been spoiled—is *held* to sustain a verdict for the plaintiff.

3. It was not error to instruct the jury that if, after removal from the boat, the goods had been materially injured by rain or otherwise, or had been in part carried away by persons unknown, plaintiff was not bound to accept defendants' offer of return, but was entitled to recover the fair value of the property.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an action for the wrongful and unlawful taking from the possession of the plaintiff, October 8, 1901, and carrying away and converting to their own use, of certain personal property described, of the alleged value of $550, for which amount the plaintiff claims damages and prays judgment. It appears from the record that on or about June 28, 1901, the plaintiff purchased from one Ed. Wheeler a certain houseboat, and upon that day obtained from him a bill of sale of the same. The complaint alleges that all of the personal property mentioned was at the time of such conversion within said houseboat and belonged to the plaintiff.

The answer alleges, in effect, that the defendants, as such sheriff and undersheriff, on October 8, 1901, by virtue of an execution against the goods and chattels of said Ed. Wheeler, issued by a justice of the peace October 4, 1901, upon a judgment entered before him in favor of one S. S. Willis and against Ed. Wheeler for $125.80 damages and costs,

seized and took possession of said houseboat as the property
of said Ed. Wheeler; that at the time of such seizure the
personal property mentioned was in said houseboat, of which
the plaintiff claimed to be the owner; that at the time of
such seizure the defendants notified the plaintiff that they
had taken the houseboat by virtue of such execution and
to remove therefrom any articles of personal property belong-
ing to him, which the plaintiff then and there absolutely re-
fused to do; that the defendants then and there caused all of
such articles to be removed from the houseboat a short dis-
tance, to the bank of the river, and immediately thereafter
notified the plaintiff of such removal and the place where
such articles were located; and the defendants specifically
deny that they carried away or converted to their own use
any of said articles of personal property.

The issues so joined were tried, and at the close of the trial
the jury returned a verdict against the defendants and in
favor of the plaintiff, and assessed his damages at $487. From
the judgment entered thereon for that amount of damages
and $63.17 costs and disbursements the defendants appeal.

For the appellants there was a brief by *Reilly, Fellenz &
Reilly,* attorneys, and *Maurice McKenna,* of counsel, and
oral argument by *M. K. Reilly.*

*T. L. Doyle,* for the respondent.

CASSODAY, C. J.   The houseboat mentioned is not here in
controversy.   Counsel for the defendants concede that after
they seized the houseboat as the property of Wheeler, as men-
tioned, it was replevied by the plaintiff, and that eleven days
after such seizure it was found to be the property of the
plaintiff in this action, and so was turned over to him by the
defendants.   The controversy here relates entirely to the
articles of personal property belonging to the plaintiff and
inside of the houseboat at the time of such seizure.

1. Exception is taken because, in charging the jury, the court, among other things, said:

"But if the man in charge of the boat knew that the plaintiff was the owner, or if at that time he was so informed by the plaintiff, and if the custodian then forbade the plaintiff to take the property in suit, such denial of the plaintiff's right was a denial by the defendants, and amounted to an assertion on their part of the control or dominion over this property, and was a conversion of it, in the law; and, if you find that such was the fact, then the plaintiff is entitled to recover of the defendants the full value of his property which was removed by them from the houseboat, unless you are satisfied that at a later date they offered to return to him the property, or offered to permit him to take it, and that it was then in substantially as good condition as it was in just before it was removed from the houseboat."

"It may be stated as a general rule that every act of control or dominion over personal property without the owner's authority, and in disregard and violation of his rights, is, in contemplation of law, a conversion." 28 Am. & Eng. Ency. of Law (2d ed.) 679. The decisions of this court are in harmony with such statement. *Dexter v. Cole,* 6 Wis. 319; *Thomas v. Steele,* 22 Wis. 207; *Dunham v. Converse,* 28 Wis. 306; *Tobin v. Deal,* 60 Wis. 87, 18 N. W. 634; *Brickley v. Walker,* 68 Wis. 563, 32 N. W. 773; *Boldewahn v. Schmidt,* 89 Wis. 444, 62 N. W. 177; *LaChapelle v. W. & B. S. Co.* 95 Wis. 518, 70 N. W. 589; *Cernahan v. Chrisler,* 107 Wis. 645, 647, 648, 83 N. W. 778. As stated in this last case by way of quotation from Cooley on Torts: "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." As said in that case by Mr. Justice BARDEEN, the test is whether the wrongdoer has exercised a dominion over the property in exclusion or in defiance of the plaintiff's rights. We must hold that there was no error in giving the instruction quoted.

2. We cannot say that the verdict of the jury is not sus-

tained by the evidence. *Adams v. C. & N. W. R. Co.* 89 Wis. 645, 62 N. W. 525; *Renne v. U. S. L. Co.* 107 Wis. 305, 320, 83 N. W. 473, and cases there cited; *Collins v. Janesville,* 117 Wis. 415, 427, 94 N. W. 309. The evidence on the part of the plaintiff tends to prove that just prior to the levy the plaintiff informed the defendants that the houseboat and all the articles of personal property contained therein were his property in his possession, and that they must keep off from it and let it alone; that soon after the levy upon the houseboat, and on the same day, the plaintiff went there, and found one of the defendants and another gentleman carrying his goods off from the boat and throwing them on the beach; that the plaintiff walked onto the boat and was ordered off by them, and was told to get off and stay off; that he then went away, and returned about 6 o'clock in the evening of the same day with a couple of boys to take his goods and put them under cover; that he told the gentleman there in possession of the goods that they were his property, and that the gentleman in charge then said to him: "These goods are in my possession, and you get away from here and leave them alone;" that it was cloudy and misty on that day and rained that night. It is undisputed that two or three days afterwards one of the defendants went to the plaintiff and said to him that there had been a misunderstanding about that property, and that the plaintiff could then have it, if he wanted it, and to go and get it; that the plaintiff then informed him that it had been raining on the property for two or three days and much of it had been spoiled.

3. Error is assigned because the court charged the jury upon this last phase of the evidence to the effect that if the jury were satisfied by the evidence that the property had in the meantime been materially injured by rain or otherwise, or that it had been in part carried away by persons unknown, then the plaintiff was not bound to accept such offer of return, but that in such case he was entitled to recover the fair

and reasonable value of the property in suit, as they should find the same to be from the evidence. We perceive no error in such portion of the charge. In fact the whole charge is quite favorable to the defendants, and the verdict of the jury in favor of the plaintiff is fully justified by the evidence.

4. There is no ground for the contention that the damages are excessive.

*By the Court.*—The judgment of the circuit court is affirmed.