[No. 5228.]

OWEN V. WILLIAMS, BREWER AND THE JOHN OWEN
MINING AND MILLING COMPANY, A CORPORATION.

**Trover and Conversion—Return of Property—Nominal Damages.**

In an action to recover the value of certain certificates of
stock, after issue joined and before trial, the defendants returned
and plaintiff accepted the certificates and the case then pro-
ceeded to trial. The complaint was upon the theory of a com-
plete and absolute deprivation of property. Held, that plaintiff
could not recover more than nominal damages, as the acceptance
of the returned stock extinguished the cause of action for its
value.—P. 80.

*Error to the District Court of Clear Creek County.*
*Hon. A. H. De France, Judge.*

Action by John Owen against Lombard Wil-
liams, Charles Brewer and The John Owen Mining
and Milling Company, a corporation. From a judg-
ment in favor of defendant, plaintiff brings error.
*Affirmed.*

Messrs. BULLIS & WILLIAMS, for plaintiff in
error.

Mr. H. M. ORAHOOD and Mr. E. M. SABIN, for de-
fendants in error.

Mr. JUSTICE GUNTER delivered the opinion of the
court:

This was an action by plaintiff to recover the
value of certain certificates of stock, which it was
charged defendants had converted to their use.
After issue joined and before trial, the certificates
were delivered by defendants to plaintiff and by him
accepted. Upon trial the court instructed a verdict
for nominal damages, and judgment was entered ac-
cordingly. Plaintiff contends that he was entitled
upon his complaint to recover substantial damages,
and that the court erred in confining the recovery to

nominal damages. Defendants contend that the return to plaintiff of the certificates of stock, after issue joined and before trial, worked a satisfaction of the cause of action proceeded on, and that, therefore, plaintiff, upon the cause of action stated, was entitled to recover no more than nominal damages.

The complaint was upon the theory of a complete and absolute deprivation of property—that is, that the defendants were to be regarded as the owners of the certificates of stock after the conversion charged —and the action was to recover the value of the stock so wrongfully. converted. This cause of action was extinguished by the acceptance by plaintiff, as owner, from defendants of the identical property, the value of which was sought to be recovered in the action. Plaintiff could not have of defendants the value of the property and the property also. The acceptance of the certificates at the time and in the manner stated extinguished the cause of action alleged.— *Collins v. Lowry,* 78 Wis. 329, 332.

Judgment affirmed.            *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.