SEIVERT, Respondent, vs. GALVIN, Appellant.

*October 17—November 5, 1907.*

*Appeal and error: Witnesses: Striking out irresponsive answer: Repetitions: Best evidence: Records: Interrogatory calling for legal conclusion: Harmless error: Opinion evidence: Experts: Qualifications: Competency: Instructions to jury: Comments on evidence: Fraudulent conveyance: Delivery: Presumption of fraud: Change of possession: Court and jury: Curing prior instruction: Failure to request: Qualifying instructions: Conversion: Trover: Replevin: Election of remedies: Discretion of court: Conduct of trial.*

1. It is not error to strike out the answer of a witness where a portion was nonresponsive to the question, and the other portion was but a reiteration of other testimony of the witness and a fact about which there was no dispute.

2. It is not error to sustain objection to a question interrogating a party as to whether certain deeds, of which he had declared ignorance, appeared of record, since the records themselves were the best evidence of what appeared upon them.

3. It is not prejudicial error to allow a plaintiff to answer the question: "Who was the owner of the goods?" since, while it might have been objectionable as calling for a legal conclusion, it was but a reiteration of assertion of ownership already made in the complaint and which was the basis of the whole controversy.

4. Admission of the opinion of a witness as to the reasonable value of goods alleged to have been converted is not error, where the witness had testified to some degree of familiarity with such values and to a knowledge of the goods.

5. Where, in an action of trover, the evidence tended to show that plaintiff had paid full consideration for certain chattels in question, it was not error to so state in instructions to the jury.

6. Where the jury had been carefully instructed as to the character of delivery of possession necessary to prevent the presumption of fraud under sec. 2310, Stats. (1898)., it is not error, in the course of marking the distinction between that kind of possession and the delivery necessary to effectuate a change of title between the seller and buyer, to instruct the jury: "Of course, if the transaction was made in good faith and without any intent to hinder, delay, or defraud the creditors of [the seller], there could be what we call a constructive delivery; that is, by a delivery of the key to the building."

7. Such instruction, taken in connection with the rest of the charge, stated in the opinion, is *held* to convey no intimation that such constructive or symbolic delivery was sufficient, within sec. 2310, Stats. (1898), to exclude a presumption of fraud in the transfer.

8. A mere constructive delivery may be sufficient for the purpose of effectuating a transfer of title between seller and buyer, though insufficient to eliminate the question of a fraudulent purpose in the transfer.

9. In an action of trover by the purchaser of goods against a sheriff, the goods having been attached under a writ supported by an affidavit alleging that the seller had transferred them with intent to hinder, delay, and defraud his creditors, evidence was given in much detail and with some conflict of just the extent to which the purchaser went into possession and the seller surrendered it. *Held*, that the inference whether thereby those parties had effected an actual change of possession within the calls of sec. 2310, Stats. (1898), was for the jury.

10. In such case an instruction which left to the jury to consider whether the acts of the parties constituted an actual and continuing change of possession within the meaning of sec. 2310, Stats. (1898), is not erroneous.

11. In explaining the word "presumed" in sec. 2310, Stats. (1898)— relative to presumption of fraud against a seller's creditors in the absence of immediate delivery and actual and continued change of possession,—the court instructed the jury as to its conclusiveness: "It is only to be considered fraudulent in the

absence of any explanation on the part of the purchasers."
*Held*, that while the sentence standing alone was incorrect be-
cause presumption of fraud in such situation is only to be over-
come by a satisfactory explanation, not merely by "any" ex-
planation, it was not prejudicial where the jury were told in the
very next sentence of the instruction that they were to be con-
trolled by such explanation only in case they were satisfied that
the purchase was made in good faith.

12. Error cannot be assigned on the omission of a qualifying instruc-
tion in the absence of any request for such further charge by
the complaining party.

13. One who wrongfully seizes and exercises control over the chat-
tels of another, especially if upon demand he refuses to surren-
der them to the true owner, is guilty of conversion, whatever
his motive or excuse, and hence in an action of trover it is not
error to instruct the jury that acts of a sheriff in seizing prop-
erty and holding possession of it as against the demand of the
plaintiff were sufficient to constitute conversion, if it was found
that the property belonged to the plaintiff.

14. A wrongful conversion of plaintiff's goods vests him with a
choice either to reclaim his property *in specie* or to demand his
damages resulting from such tort.

15. It is within the discretion of the trial court in conducting trials
to offer further instruction to the jury, or to urge upon them
earnest effort to agree upon a verdict.

APPEAL from a judgment of the circuit court for Juneau
county: J. J. FRUIT, Circuit Judge. *Affirmed.*

On August 24, 1904, one Clarence Boorman, being in-
debted to the Velie Carriage Company, amongst others, sold
his stock of farm implements, vehicles, etc., inventorying
$668, to the plaintiff, *Seivert,* for $490, whereupon the Velie
Carriage Company procured to be issued a writ of attach-
ment, by virtue of which the defendant sheriff seized, and at
the time of this action, in defiance of demand, continued to
hold, all of said property then remaining undisposed of.
Plaintiff brought this action in trover. On the trial there
was some conflict of evidence as to the extent to which ac-
tual possession had been delivered by Boorman to *Seivert.*
All the evidence tended to establish that $490 was adequate

consideration for the property. There was some dispute in evidence as to whether *Seivert* had knowledge of the existence of creditors of Boorman and as to the sufficiency of inquiry made by him to ascertain. It was conceded that no notice to creditors was given in compliance with sec. 2317*b,* Stats. (Laws of 1901, ch. 463). On trial of the issue of fraudulent character of the transfer from Boorman to *Seivert* in this action, the jury·found for the plaintiff, fixing the value of the property at $490, together with interest, for which amount judgment was rendered in his favor, from which the defendant appeals.

For the appellant there was a brief by *Barney & Price* and *James A. Stone,* and oral argument by *Mr. Stone* and *Mr. N. W. Barney.*

For the respondent there was a brief by *Veeder & Veeder,* and oral argument by *C. A. Veeder.*

DODGE, J. The attack upon the judgment in this case consists in a series of assignments of detail errors in course of the trial, which we shall proceed to consider.

Error is assigned upon striking out answer to question propounded to the agent for the attaching creditor as to conversation with Boorman. In this there was no error, because a portion of the answer was nonresponsive to the question, and the other portion was but reiteration of what the witness had already testified to and a fact about which there was no dispute.

Rejection of the question to plaintiff whether certain deeds, of which he had declared himself ignorant, did not appear of record was not erroneous. The records themselves were the best evidence of what appeared upon them.

Plaintiff was allowed to answer the question: "Who was owner of the goods?" This was doubtless objectionable as calling for a legal conclusion, but we can discover no prejudice from the reiteration of his assertion of ownership which

he had already made in his complaint and which was the basis of the whole controversy. Indeed, his ownership, at least as between himself and Boorman, was a conceded fact, and the jury could not have failed to understand that such answer had no relevancy to the question of the invalidity of his title in case of fraud in the conveyance to him.

Admission of the opinion of a witness as to the reasonable value of the goods was not erroneous, for the witness had testified to some degree of familiarity with such values and to a knowledge of the goods, and the question of his competency was therefore one for decision by the trial court, whose ruling in favor of his qualification has, we are satisfied, so much support in the evidence that it cannot be reversed. *Hupfer v. Nat. D. Co.* 119 Wis. 417, 427, 96 N. W. 809.

Errors are assigned upon various exceptions reserved to the instructions to the jury, as follows:

A statement that the evidence tends to show that he (*Seivert*) paid a full consideration for the goods and chattels in question. We can discover no error in this, for the evidence did certainly so tend; indeed, upon careful examination, we think the fact was undisputed.

The next criticism is of an instruction in following words:

"Of course, if the transaction was made in good faith and without any intention to hinder, delay, or defraud the creditors of Mr. Boorman, there could be what we call a constructive delivery; that is, a delivery of the key to the building."

We can discover nothing of error in this. The jury were carefully instructed as to the character of the delivery of possession necessary to prevent the presumption of fraud under sec. 2310, Stats. (1898), and it was in the course of marking the distinction between that kind of possession and the delivery necessary to merely effectuate a change of title between seller and buyer that the above instruction was

given. It is the law that a mere constructive delivery may be sufficient for that purpose, though insufficient to eliminate the question of a fraudulent purpose in the transfer. Even if the rule of law laid down were not correct, it had no bearing, except by way of antithetical explanation, upon any of the questions submitted to the jury for their decision, and could not, therefore, have prejudicially affected their deliberations thereon. Taken in connection with the rest of the charge, it conveyed no intimation that such constructive or symbolical delivery was sufficient, within sec. 2310, to exclude a presumption of fraud in the transfer.

Complaint is made that the court, by an instruction, left to the jury to consider whether the acts of the parties constituted an actual and continued change of possession within the meaning of said sec. 2310, for the reason, as claimed, that such question was purely one of law. The record does not support the contention. Evidence was given in much detail and with some conflict of just the extent to which the plaintiff as purchaser went into possession and Boorman as seller surrendered it, and the inference whether thereby the parties had effected an actual change of possession, under proper definition of those terms, was for the jury to draw.

Error is assigned upon a statement by the court in the instructions in defining the word "presumption," to the effect that such presumption was not conclusive but subject to explanation. As to its conclusiveness the court said: "It is only to be considered fraudulent in the absence of any explanation on the part of the purchaser." Doubtless this sentence alone would be incorrect. Presumption of fraud resulting from continued possession by the seller is only to be overcome by a satisfactory explanation, not merely by "any" explanation. But in the very next sentence of the instruction the jury were told that they were to be controlled by such explanation only in case it satisfied them that the purchase was made in good faith. We are therefore convinced

that, notwithstanding this inaccurate statement, the correct idea was conveyed to the jury that the presumption stood unless the transaction was so explained as to satisfactorily establish good faith.

Further complaint is made that while the court, perhaps without error, instructed the jury that the statutory presumption of fraud resulting from insufficient change of possession is rebutted by the proof of payment of full consideration for such property, yet he failed to properly qualify this expression by the explanation that, nevertheless, the conduct of the parties with reference to such possession, in connection with all the other circumstances, was still open to consideration by the jury as evidentiary of the intent characterizing the transfer, so that the question of fraud or innocence was still open and not concluded by the mere fact of payment of adequate consideration. Doubtless an explanation of such idea would have been proper, and the charge, taken as a whole, might have been thereby rendered more complete. This is, however, at most, but an omission to give a qualifying instruction, and error cannot be successfully assigned upon that alone, in the absence of any request for such further charge by the appellant.

Error is assigned on an instruction that the acts of the sheriff in seizing this property and holding possession of it as against a demand by the plaintiff were sufficient to constitute a conversion, if it was found that the property belonged to plaintiff. We fail to discover any error in this instruction. One who wrongfully seizes and exercises control over the chattels of another, especially if upon demand he refuses to surrender them to the true owner, is guilty of conversion, whatever his motive or excuse. *Tobin v. Deal,* 60 Wis. 87, 18 N. W. 634; *Brickley v. Walker,* 68 Wis. 563, 32 N. W. 773; *Cernahan v. Chrisler,* 107 Wis. 645, 83 N. W. 778; *Lucas v. Sheridan,* 124 Wis. 567, 102 N. W. 1077. That defendant's act in seizing plaintiff's goods was wrongful is

not thrown in doubt by the fact that he, as sheriff, was authorized by a writ of attachment to seize the property of Boorman.    Further, however the moral wrong of such act might
have been minimized by honest mistake as to ownership, such
excuse disappeared when upon demand by the true owner he
persisted in retention of possession and control.    That was a
conversion to his own use.    Whether afterward he might have
mitigated damages by tender of return is a question not here
arising, for no such tender was made.    Appellant suggests
that plaintiff's remedy was replevin, and doubtless he had
such remedy, but the wrongful conversion vested him with
a choice either to reclaim his property *in specie* or to demand his damages resulting from such tort.

We find nothing in the conduct of the court in offering
further instruction to the jury, or urging upon them earnest
effort to agree upon a verdict, worthy of criticism or even
comment.    It was well within the limits of the discretion
vested in trial courts in conducting trials.

*By the Court.*—Judgment affirmed.