ULLMAN, Appellant, vs. AUSTIN, Respondent.

*January 17—February 10, 1920.*

*Chattel mortgages: Bankruptcy of mortgagor: Assertion of claim against trustee: Action against third party for conversion.*

An effort to recover from a trustee in bankruptcy certain brick for which plaintiff held a bill of sale, in effect a chattel mortgage, executed by the bankrupt, was not an election inconsistent with his right to sue defendant for converting other brick, also covered by the mortgage, prior to the bankruptcy proceedings.

APPEAL from a judgment of the circuit court for Milwaukee county: BYRON B. PARK, Judge. *Affirmed.*

Conversion.    On January 15, 1916, the American
Wrecking & Salvage Company gave to the plaintiff a bill
of sale, in effect a chattel mortgage, upon 600,000 clean
brick, then piled in the yards of the salvage company in
what is known as the Eighth-street yard.   On January 19,
1916, the salvage company executed to the defendant a bill
of sale of 800,000 clean brick located in the yard between
Fifth and Sixth streets, and also in the Eighth-street yard.
On June 5, 1916, the salvage company was adjudged bank-
rupt and the trustee took possession of all its property.
Proceedings were had in the bankruptcy court, and there-
after this action was begun against the defendant upon the
theory that the defendant had converted the property
covered by the bill of sale given by the salvage company to
the plaintiff.

The jury found that on the 14th day of January, 1916,
at the time of the execution of the bill of sale to the plaint-
iff, there were in the Eighth-street yard 300,000 clean brick;
that the defendant took out of the Eighth-street yard 50,000
of the brick covered by the bill of sale to the plaintiff.   The
plaintiff moved the court to change the answer to the first
question from "300,000" to "700,000," and for judgment
on the verdict as so changed.   The defendant moved to be
allowed to amend his answer so as to set up by way of
defense that the plaintiff had elected to rely upon his claim
of ownership made by him in the bankruptcy proceedings,
moved to change the answer to the second question from
"50,000" to "Nothing," and for judgment in his favor.
The trial court held that the proceedings in the bankruptcy
court in no way affected the rights of the parties in this
action, that the finding of the jury as to the number of
brick in the Eighth-street yard covered by the bill of sale to
the plaintiff was correct, and that the finding of the jury
that the defendant had removed 50,000 of said brick from
the yard was supported by the testimony, and gave the
plaintiff judgment for 50,000 brick at $4 per thousand,
with interest.

Ullman v. Austin, 171 Wis. 29.

From the judgment plaintiff appeals, and the defendant served notice for a reversal under sec. 3049*a*, Stats.

For the appellant there was a brief by *Curtis & Mock* of Milwaukee, and oral argument by *H. K. Curtis.*

For the respondent there was a brief by *Clarke & Donnelly,* attorneys, and *John A. McCormick,* counsel, all of Milwaukee, and oral argument by *Mr. McCormick.*

ROSENBERRY, J.   The main contention made by the plaintiff is that under the cases of *Dexter v. Cole,* 6 Wis. 320; *Cernahan v. Chrisler,* 107 Wis. 645, 83 N. W. 778; *Lucas v. Sheridan,* 124 Wis. 567, 102 N. W. 1077, and *Taylor v. Tigerton L. Co.* 134 Wis. 24, 114 N. W. 122, the defendant was guilty of conversion.   It appears that the defendant sold some brick from the Eighth-street yard, and that he made some claim of title under his bill of sale to the brick located in the yard.   The amount removed was found by the jury to be 50,000.   There is no evidence to sustain the claim that the defendant wrongfully exercised any control over the brick, except those removed from the yard, which amounted to conversion thereof.   No useful purpose would be served by a rediscussion of the law relating to the conversion of personal property, as it has been fully discussed in the cases cited.

The effort of the plaintiff to recover part of the brick from the trustee in bankruptcy cannot affect his right to recover against the defendant for the amount of brick removed by the defendant prior to the bankruptcy proceedings.   Therefore defendant's motion based upon the theory that the plaintiff had made an election inconsistent with his claim in this case, so far, at least, as the recovery here is concerned, can have no effect, as it appears that the defendant removed the brick for which he is held liable prior to the bankruptcy proceedings.

*By the Court.*—Judgment affirmed.