REILLY, Respondent, vs. THEISEN, Appellant.

*May 20—June 16, 1943.*

The cause was submitted for the appellant on the brief of *Lueck, Skupniewitz & Lueck* of Beaver Dam, and for the respondent on the brief of *Lloyd H. Lobel,* attorney, and *Schloemer & Stoltz* of counsel, all of West Bend.

FOWLER, J. The case involves an automobile collision. There is a counterclaim. Each party claims negligence of the other in operation of the other's automobile. There was a jury trial. There was a judgment in favor of the plaintiff for $67.62 damages. On the issue of right of recovery the only claim of the appellant is that the evidence does not support the verdict. If this were the only issue raised we should affirm the judgment without opinion. We shall therefore not discuss this issue.

The defendant also claims that the court erred in awarding costs to the plaintiff; that the plaintiff was not entitled to costs because the amount involved was within the jurisdiction of a justice of the peace; and that as the plaintiff was not entitled to costs the defendant was. The county judge first ruled in favor of the defendant but changed his mind and awarded costs to the plaintiff, and judgment was entered accordingly.

The county court of Washington county has jurisdiction in civil cases practically coexistent with that of the circuit court. The case is in tort. The award of costs is ruled by *Trimborn v. Reimer,* 112 Wis. 437, 88 N. W. 222, an appeal from the superior court of Milwaukee county, a court of jurisdiction equal to that of the county court of Washington county. The action was a tort action not named in sec. 271.01 (4), Stats., below cited. The recovery was $50, and there as here a justice court had jurisdiction. It was held that the plaintiff was entitled to costs. The statutes there involved were substantially the same as now. So far as here material sec. 271.01 provides, sub. (3) that the plaintiff is entitled to costs in ac-

tions in which a justice court has no jurisdiction; sub. (4) in specified tort actions (not including actions grounded on negligence), but limits costs in such action to the amount of the damages if the damages are less than $50; and sub. (5) in "other actions of tort for the recovery of money when the plaintiff shall recover fifty dollars or more." The plaintiff having been awarded damages in excess of $50 was therefore entitled to costs.

The plaintiff being entitled to costs, the statutes on which the defendant relies do not come in play. Sec. 271.03, Stats., gives costs to defendant when the plaintiff is not entitled to them. Sec. 271.01 (3) while it provides that the plaintiff shall have costs in actions of which a "justice's court has no jurisdiction," does not imply that the plaintiff is not entitled to costs if a justice has jurisdiction, as defendant's counsel seem to infer.

Defendant's counsel also seem to infer that because the complaint herein demanded judgment for less than $200 of which a justice of the peace has jurisdiction the court under sec. 271.01 (6), Stats., in its discretion should have limited plaintiff's costs to less than was allowed, but this provision applies only to actions on contract.

*By the Court.*—The judgment of the circuit court is affirmed.